*126
 
 Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the Southern District of New York.
 

 ■- Suit was brought in this case by the present defendant, and judgment was rendered in his favor in the court below. Action was referred, under a rule of court, by consent of the parties, and the judgment in the case was rendered upon the report of .the referee, made in pursuance of the rule of reference. Original defendants sued out this writ of error, and now seek to reverse the judgment upon the several grounds hereinafter mentioned. Errors assigned at the argument were in substance and effect as follows:
 

 1. That the declaration and the matters therein contained are not sufficient in law to enable the plaintiff to maintain the action, •
 

 2. That the Circuit Coui’t erred in passing the order' that the action should-be referred, and that the matters in controversy should bé heard and determined by a referee.-
 

 3. That the action of the referee 'was erroneous, because ’ he did not determine all or any of the issues involved in the pleadings.
 

 4. That the judgment set forth in the transcript is invalid, and not such a one as ¿an be enforced in the Circuit Court of the United States.
 

 1. First objection was not much pressed at the argument, and is entirely without merit, as will be obvious from a brief examination of the record. Plaintiff* was assignor and pa-tentee of a certain invention, described as a new and’useful improvement in the preparation of flour for the making of 'bread; and the substance of the declaration was that the’ defendants, in- consideration that the plaintiff had granted to them the exclusive right to supply a certain district with ■ such prepared flour, and to manufacture and vend therein the patented ingredients used in the preparation of the same, promised to account with and pay over to the plaintiff a certain tariff for every barrel of flour so supplied, and for the patented ingredients, when-manufactured and. sold separately, to be used in its preparation. Agreement was in
 
 *127
 
 writing and under seal, and the action was, covenant broken to recover damages for the neglect and refusal to account and pay the tariff according to the terms of the contract. Pending the suit, the defendants appeared and pleaded to the merits. They made no objection to the declaration, and if they had, it must have been overruled, as it is in all aspects sufficient and well drawn.
 

 2. Substance of the second'objection is, that the Circuit Court erred ill allowing the reference. Defence, among other things, was that the plaintiff agreed to maintain the validity of the patent at his own expense during the period the defendants' should be engaged in the business, and that ho neglected and refused so to do, and that the patent was invalid and worthless. Replication of the plaintiff reaffirmed the facts set forth in the declaration, and tendered an issue to the country, which was duly joined by the defendants. Pleadings being closed, the parties agreed in writing to refer the cause to a referee, “ to hear and determine the saíne and all the issues therein, with the same powers as the court, and that an order be entered making such reference, and that the report of the referee have the same'force and effect as a judgment of the court.”
 

 Following that agreement is the order of the court allowing the' reference, which is the, subject of complaint. Recital of the record is, that on reading and filing the agreement “ the court-ordered that the cause be referred” to the referee therein named, to hear and determine all issues therein with the fullest powers ordinarily given to referees, and that on filing the report of the said referee with the clerk of the court, judgment be entered in conformity therewith the same as if said cause had been heard before the court, and the attorneys of the parties annexed their consent in writing to the order.
 

 Intention '¡if the court and of the parties was to refer the action; and the requirement of the referee was that he should hear and determine the matters in controversy, and make his report to the court in which the action was ponding. Defendants insist that such a reference of a pending suit in
 
 *128
 
 tbe Circuit Court of the United States is invalid, because such- courts have no power to authorize such a proceeding. Such is the substance of the several propositions submitted by the, defendants on this branch of the case. They admit that the State courts have such powers', but insist that the poAver is derived from statute,.and that the Circuit Courts cannot exercise it, because there is no act of Congress which confers'any such authority.
 

 "Where the United States are plaintiffs, or an alien is a party, or the suit is between a citizen of the State where the suit is brought and a citizen of another State, the Circuit Courts of the United States have original cognizance, concurrent with the courts-of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars. Record shows that the plaintiff' was an alien, and that the defendants were citizens of the State where the suit was brought. Amount in dispute exceeds the sum or value of five hundred dollars, and inasmuch as the suit was of a civil nature, at common law, the jurisdiction of the court, was clear beyond cavil.
 
 *
 

 Scope of the objection, however, does not directly involve the question of jurisdiction, but has respect to the mode of trial as substituting the report of a referee for the verdict of a jury. Circuit Courts, as well as all other ■ Federal courts, have authority to make and establish "all necessary rules.for the orderly conducting business in the said courts, provided such rules áre not repugnant to the laws of the United States. Practice.of referring pending actions is coeval with the organization of our judicial system, and the defendants do not venture the suggestion that the practice is repugnant to any act of Congress. On the contrary, this court held, imthe case of the
 
 Alexandria Canal Co.
 
 v. Swan,
 
 †
 
 that a trial by arbitrators, appointed by the court, with the" consent of both parties, was one of the modes of prosecuting a suit to judgment as well established and as fully war
 
 *129
 
 ranted by law as a trial by jury, and, in tbe judgment of this court, there can be no doubt of the correctness of that proposition.
 

 Doubts were, nevertheless, entertained 'whether a bill of exceptions would lie to the ruling of the Circuit Court in overruling the objections filed by the losing party to the acceptance of the report or award of a referee appointed under a rule of court:
 
 York and Cumberland R. R. Co.
 
 v.
 
 Myers.
 

 *
 

 Opinion of the court in that case shows that the action, at the time of the reference, was pending in the Circuit Court of the United States for the District of Maine. Myers brought the suit, and the parties, before trial, agreed to refer the action to three persons, to be appointed by the court. Presiding justice named three persons as referees, and the rule issued by the clerk provided that their report, or the report of a majority of them, “ was to bo made to the court as-soon as may be, and that judgment thereon was to be final, and execution to issue accordingly.” Subsequently, one of the persons so appointed was; with the leave of the court, authorized by the parties to sit alone, and he made a report awarding damages to the plaintiff.
 

 Corporation defendants, when the report was made, submitted written objections to the acceptance of the same, and examined the referee in support of the objections. Question presented was, whether the report should be ae-' eepted or rejected; but the circuit judge overruled the objections, accepted the report, and rendered judgment for the plaintiff for the amount reported by the-referee. Defendants excepted to the rulings of the court, and sued out a writ of error to reverse the judgment. Preliminary objection in this court was that the bill of .exceptions would not lie, because the proceedings, as it was insisted, had been irregular; but this court held otherwise, and decided the cause upon the merits. Conclusion of the court was that the equity of the statute, allowing a bill of exceptions in courts of common law, embraces all such judgments or
 
 *130
 
 opinions of the court arising in the course of a:cause as are the subjects of revision by an appellate court,-and which-do. not otherwise appear .on the record.
 
 *
 

 Subordinate. tribunal, say the court, must ascertain the facts upon which the judgment or opinion excepted toAs fourided, which undoubtedly is correct for the reason there given, that this court cannot determine, in cases at common, law, the weight or effect of evidence, nor decide mixed questions of law and fact. Allusion is then made to the fact, that appellate courts in other jurisdictions áre accustomed to revise such judgments and opinions, and the court say,
 
 “
 
 Upon principle we can see no objection to the introduction of the same practice into the courts of the United Stated, under - the limitations we have indicated.” Taken as a whole, that case is decisive of the question under consideration. • But it is a mistake to suppose that the practice re-fei’red to was first sanctioned in this court by the opinion in that, case. Ample authority for it is' to be found in a decision of this court, pronounced more than forty years before-the question in that - case was argued. Reference is made to the ease of
 
 Thornton
 
 v. Carson,
 
 †
 
 in which the opinion was given by Chief Justice Marshall. Statement of the case shows that two pending actions were referred by consent under a rule of court. Arbitrators made an award. Effect of the award was that the defendant was to pay to the plaintiff (Carson) .the amount of the bonds in suit, unless by a . certain day he made a conveyance to the plaintiff of the property described in the award; in which latter event he was to receive from the plaintiff a transfer of certain shares in a mining company, apd,to be discharged from the payment of the money, an entry to that effect to be made in the suits. Defendant failed to'perform the act which would entitle him to such an-entry in the case, and consequently became liable to pay the sums awarded by the referee. Oral
 
 *131
 
 objections were made to tbe acceptance of tbe award, but tbe court overruled tbe objections, and rendered'judgment for tbe plaintiff on tbe award for tbe amount of tbe money awarded. None of tbe evidenc'e introduced when tbe award was accepted appeared-in tbe record, and no bill of exceptions was tendered to tbe ruling of tbe court, but tbe defendant removed tbe cause into this court by. a‘writ of error. Under those circumstances, this court refused to revise tbe rulings of tbe Circuit Court; but, in disposing of the ease, the court say, if be," tbe .original plaintiff failed.to do that which warranted tbe court in entering judgment on tbe award, it was tbe duty of tbe complaining party to have shown that fact as a cause’ against .entering, judgment, and to have spread all tbe facts upon tbe record, which would enable this court to decide whether tbe court below acted correctly or not. . Various other objections were also taken to tbe proceedings; but they were all overruled, and tbe judgment was affirmed;. Similar-views have been expressed by this court on other occasions, but it is not thought necessary to .do more than to- refer to tbe other cases, as those already examined are believed to be decisive.
 
 *
 

 Practice of referring pending actions under a rule of court, by consent of parties, .was well known- at common law, and tbe report of. tbe referees appointed, when .regularly made to tbe court, pursuant to .the rule of reference, and duly accepted, is now universally- regarded in- -the State courts' as tbe proper foundation of judgment.
 
 †
 

 3. Third objection is, that the action-of'the referee was erroneous, because he did not determine. all' of tbe issues between tbe parties. Evidently .the objection is founded in
 
 *132
 
 a mistaken view of tbe duty of tbe referee as prescribed in tbe rule of reference. 'He was not required, either by tbe agreement of tbe parties or .by tbe order of tbe court, to report specially what bis finding was upon tbe several issues presented in tbe pleadings. Iiis duty was to determine all tbe issues, and to report tbe result of bis finding. Referee reported that, having beard and examined tbe matters in controversy in the cause, and having examined on oath tbe several witnesses produced, there was due to tbe plaintiff tbe sum of nine thousand and five hundred dollars, besides tbe costs of suit. Presumption is, that he did detennine all tbe issues, and inasmuch as there was no evidence to tbe contrary, tbe conclusion must be to the same effect.
 

 4. Fourth objection is, that tbe judgment is invalid and cannot be enforced. Defect suggested is, that tbe judgment was rendered by tbe elei'k and not by tbe court; but tbe record, when properly understood,- does not sustain tbe objection. Judgments are always entered by tbe clerk under tbe. authority of tbe court. Prevailing party is entitled to judgment, and it is.not tbe practice in the Circuit Courts to require a rule for judgment to be entered in any case, as is tbe practice in some of tbe courts in the parent country.
 
 *
 
 Entry of judgment in term time is. never made except by leave of court; but tbe motion need not be in writing, and tbe order of tbe court is seldom or never entered in tbe minutes. When tbe term closes, judgments are. entered by tbe clerk under tbe general order without motion; and yet no one' ever doubted that a judgment entered under such circumstances was the act of the court and not of the clerk. Reference of a pending action is ordinarily perfected in term time by an entry made under tbe case by.tbe clerk, at tbe request of tbe parties, that it is “ referred,” and with tbe addition of nothing else except tbe names of tbe referees, or it may be done, as it was in this case, by a written agreement* signed by tbe parties-or their attorneys, and filed in tbe case. When that is done a rule is then issued;, cr the
 
 *133
 
 order of the court may be entered in the minutes, as was done in this record. Duty of the referee is to notify and hear the parties, and then to determine the controversy, and make a report or award to the court in which the action is pending, and from which the rule was issued. Judgment, however, cannot in general be entered in conformity to the report or award until' it is accepted or confirmed by the court.
 
 *
 
 Reason for the rule is, that whenever it is presented, and before it is accepted, the party against whom it is made may object to its acceptance; but if required by the court, he must reduce his objections to writing, and file them in the case. Hearing is then had, and after the hearing the court may accept or reject the report; or, if either party desires it, the report may, for good cause shown, be recommitted. Such a report of referees is in many respects a' substitute for the verdict of a jury. Where there is no agreement to1 that effect,- no judgment can be entered on such a report until' the same has been accepted. Present case, however, must be' determined upon the peculiar circumstances disclosed in the record. Parties agreed' that the report of the referee should have the same force and effect as a judgment of the court, and the court'ordered; by consent of parties, that on filing the report with the clerk of the court, judgment should be entered in conformity therewith, the same as if the cause had been tried before the court. ' Referee accordingly made the report and'filed it as required, and thereupon the clerk entered the'judgment pursuant to the order of the court and the agreement of the parties.. Proceedings of the referee were correct, and the losing party made no objections to the report.
 
 †
 
 Judgment having .been entered without objection, and pursuant to the order of the court and the agreement of the parties, it is not possible to hold that there is any error in the record.
 
 ‡
 

 
 *134
 
 Theory of the objection is unfounded in fact, and upon that ground it is overruled. The judgment of the Circuit Court is, therefore,
 

 Affirmed with costs.
 

 *
 

 1 Stat. at Large, 78.
 

 †
 

 5 Howard, 89.
 

 *
 

 18 Howard, 246.
 

 *
 

 Strother
 
 v.
 
 Hutchinson, 4 Bingham’s New Oases, 83; Ford
 
 v.
 
 Potts 1 Halsted, 388; Nesbitt
 
 v.
 
 Dallam, 7 Gill & Johnson, 494.
 

 †
 

 7 Cranch, 596.
 

 *
 

 Camochan- et al.
 
 v.
 
 Christie et ah, 11 ’Wheaton, 446; Luts •». Linthicum, 8 Peters, 176’; Butler
 
 v.
 
 Mayor of 17. Y., 7 Hill, 329; Ward
 
 v.
 
 American Bank, 7 Metcalf, .486; Water Power Co.
 
 v.
 
 Gray, 6 Id. 174.
 

 †
 

 Yates
 
 v.
 
 Russell, 17 Johnson, 468; Hall
 
 v.
 
 Mister, Salkeld, 84; Bank of Monroe
 
 v.
 
 Wadner, 11 Paige, 533; Green
 
 v.
 
 Palshen, 13 Wendell, 295; Caldwell on Arbitration, 359; Feeler
 
 v.
 
 Heath, 11 Wendell, 482; Graves
 
 v.
 
 Fisher, 5 Maine, 70; Miller
 
 v.
 
 Miller, 2 Pickering, 570; Com.
 
 v.
 
 Pejepsent Proprietors, 7 Massachusetts 417, 420.
 

 *
 

 2 Tidd’s Practice, p. 903; Archbold’s Practice, by Chitty, 521.
 

 *
 

 Brown
 
 v.
 
 Cochran, 1 New Hampshire, 200.
 

 †
 

 Hughes
 
 v.
 
 Bywater, 4 Hill, 551.
 

 ‡
 

 Bank of Monroe
 
 v.
 
 Widner, 11 Paige, 533.