### MAHAR v. HARRINGTON PARK VILLA SITES et al.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. VENDOR AND PURCHASER (§ 334*)—PAYMENTS UNDER VOID CONTRACT.

If a contract for the purchase of land was void, so that the purchaser received no consideration, he could maintain an action to recover back the part of the price paid to the seller.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980;  Dec. Dig. § 334.*]

2. CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—CONTRACTS—LEGALITY.

A contract by a foreign nonmoneyed stock corporation, doing business within the state without procuring a certificate that it has complied with the requirements of law to authorize it to do business herein, as required by General Corporation Law (Consol. Laws 1909, c. 23) § 15, was illegal.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536–2543, 2552–2554;  Dec. Dig. § 657.*]

3. PLEADING (§ 214*)—DEMURRER—EFFECT.

The allegations of the complaint must be accepted as confessed, upon demurrer thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534;  Dec. Dig. § 214.*]

4. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS."

The complainant alleged that plaintiff and defendant corporation had various negotiations in New York City concerning the purchase by plaintiff of realty situated in New Jersey, and that they executed a written contract requiring "plaintiff to pay a certain sum to defendant as part payment," and that plaintiff delivered to defendant corporation a check "to its order, or S.," for such sum;  that defendant corporation was at the times named a foreign corporation other than a moneyed corporation, "and had an office for the transaction of its business in the city and state of New York, and that the transaction relating to and the making of the agreement above named took place" in New York City; that when the agreement was executed it had not obtained a certificate to enable it, as a foreign stock corporation other than a moneyed corporation, to do business in the state, and was doing business therein contrary to General Corporation Law (Consol. Laws 1909, c. 23) § 15. Held, that whether the corporation was "doing business" within the state without complying with the statute depended on whether there was a general attempt by it to transact business, irrespective of whether it had transacted one transaction or a number, and the complaint sufficiently

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleged that defendant corporation was doing business within the state contrary to the statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640–7641.]

Dowling and Clarke, JJ., dissenting.

Appeal from Appellate Term.

Action by Henry W. Mahar against the Harrington Park Villa Sites and another. From a determination of the Appellate Term (71 Misc. Rep. 430, 128 N. Y. Supp. 620), reversing a judgment of the Municipal Court overruling demurrers to the complaint, plaintiff appeals. Affirmed as to one defendant, and reversed and judgment of the Municipal Court affirmed as to the other defendant.

See, also, 129 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Robert Lyon, for appellant.
Alexander Thain, for respondents.

SCOTT, J. This is an appeal from a determination of the Appellate Term, reversing a judgment of the Municipal Court in favor of plaintiff against both defendants. The cause came to trial upon a written complaint and a demurrer thereto for general insufficiency. The complaint alleged that at the city of New York on divers dates the plaintiff had various meetings and negotiations with defendants regarding the sale by plaintiffs of certain real property situated at Harrington Park, N. J., and that on July 27, 1909, the defendants and plaintiff entered into a written agreement for the sale to plaintiff of the above-mentioned property; that said contract required plaintiff to pay to the defendant Harrington Park Villa Sites, as part payment on said contract, the sum of $500, and plaintiff delivered to the defendant Harrington Park Villa Sites, to its order, or Laura A. Skinner, a check for $500, which was afterwards paid. It is then alleged as follows:

"Fourth. That the defendant Harrington Park Villa Sites, at the times named was a foreign corporation, other than a moneyed corporation, organized and existing under the laws of the state of New Jersey, and had an office for the transaction of its business in the city and state of New York, and that the transaction relating to and the making of the agreement above named took place in the said city and state of New York.

"Fifth. That at the time of holding the last negotiations, and the making of said agreement, the defendant Harrington Park Villa Sites had not filed with the Secretary of the State of New York the statement required by law, and had not paid the tax nor obtained a certificate *to enable it, as a foreign stock corporation other than a moneyed corporation,* to do business in the state of New York, and at said time was doing business in violation of section 15 of the general corporation law of the state of New York."

Demand and nonpayment are duly alleged.

The plaintiff relies upon the following provision of section 15 of the general corporation law:

"No foreign stock corporation other than a monied corporation shall do business in this state without having first procured from the secretary of

state a certificate that it has complied with all the requirements of law to authorize it to do business in this state."

[1] His contention is that under the statute the defendant corporation is absolutely forbidden to do business in this state, and consequently that any contract attempted to be undertaken by it in contravention of the statute is illegal and void, and affords no consideration for the payment of money to it. If the contract is void, the plaintiff took nothing for the money which he paid, and there was a failure of consideration, and an action to recover back the money paid will lie. Flandrow v. Hammond, 148 N. Y. 134, 42 N. E. 511.

[2] That the contract was illegal seems to be definitely settled by the decision of the Court of Appeals in Wood & Selick v. Ball, 190 N. Y. 223, 83 N. E. 21, in which the court had occasion to consider the effect of the statute quoted above:

"Aside from the provision withholding legal remedies, no such corporation can lawfully make contracts in this state without obtaining the certificate in advance. * * * These are the conditions upon which it is permitted to enter the state for the purpose of carrying on business. Until it complies with them, and procures a certificate from the Secretary of State that it has complied with them, it cannot carry on business here, except in violation of law. The command is that it 'shall do no business in this state' without 'first' procuring a certificate of compliance. 'Without,' as thus used, is a word of exclusion, and excludes from the right to do business in this state every foreign corporation of the kind specified which has not obeyed the statute. The Legislature has said that the thing shall not be done and that is enough."

It is true that a single transaction does not necessarily constitute such a doing of business as is forbidden by the statute. Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127. Whether or not it does fall within the statute depends upon whether it constitutes a part of a general attempt to transact business in violation of the statute. If it does, the first transaction is as illegal as the second, or third, or twentieth.

[3, 4] Since the question before us arises upon demurrer, we must accept the allegations of the complaint as confessed. These allegations are, not only that the transaction in question took place in this state, but also that the defendant corporation had "an office for the transaction of its business in the city and state of New York" and "was doing business" in this state. From these allegations the fair inference is that the transaction with plaintiff was entered into as a part of a general scheme to do business in this state. We are unable to see that the complaint states any cause of action against the individual defendant Laura A. Skinner.

It follows that the determination appealed from must be affirmed, with costs, as to the defendant Laura A. Skinner. As to the defendant Harrington Park Villa Sites it must be reversed, and the judgment of the Municipal Court affirmed, with costs to plaintiff in this court and in the Appellate Term, with leave, however, to said defendant to withdraw its demurrer and to answer within 20 days, upon payment of said costs and the costs included in the judgment of the Municipal Court.

INGRAHAM, P. J., and LAUGHLIN, J., concur.

DOWLING, J. I dissent, upon the ground that the complaint contains no allegations that defendant corporation was continuously engaged in doing business in this state, and that the single transaction set forth therein would not constitute a violation of the statute (Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. [N. S.] 127), and upon the further ground that the transaction alleged was the sale of real estate situated in another state.

CLARKE, J., concurs in dissent on last ground stated.