# DAVID LUPTON'S SONS COMPANY *v.* AUTOMO-
## BILE CLUB OF AMERICA.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 137.  Argued December 20, 1911.—Decided June 7, 1912.

Where the trial in the Circuit Court is before a referee by stipulation,
the only question here is whether there is any error of law in the
judgment rendered by the court upon the facts found by the referee.
These findings are conclusive in this court. Nor can this court pass
upon exceptions to the refusal of the referee to find facts as re-
quested.

In determining whether, under a state statute, failure to comply with
its terms renders a contract void or merely acts as a bar to maintain-
ing an action thereon, the Federal court must follow the interpreta-
tion given the statute by the highest court of the State.

As construed by the Court of Appeals of that State, § 15 of the General
Corporation Law of New York does not make contracts of a foreign
corporation which has not complied with its provisions absolutely
void, but merely disables the corporation from suing thereon in the
courts of the State.

Where the contract of a corporation of one State not complying with
the statutes of another State where the contract is made, is not void,
the corporation can maintain its action, if jurisdiction otherwise ex-
ists, in the Federal courts.

A State cannot prescribe the qualifications of suitors in the Federal
courts; nor can it deprive of their privileges those who are entitled
under the Constitution and laws of the United States to resort to
the Federal courts for the enforcement of valid contracts.

Judgment ordered for plaintiff for amount fixed by referee's findings of
fact.

THE facts, which involve the construction of § 15 of the
General Corporation Law of New York, and the right of
foreign corporations which had not complied therewith, to
sue in the Federal courts, are stated in the opinion.

*Mr. William Ford Upson,* with whom *Mr. William Forse Scott* was on the brief, for plaintiff in error:

The judgment entered on the report of the referee is reviewable. *Roberts* v. *Benjamin,* 124 U. S. 64, 67; *Chicago, M. & St. P. R. Co.* v. *Clark,* 178 U. S. 353, 364; *Bagley* v. *Gen. Fire Ext. Co.,* 150 Fed. Rep. 284.

Plaintiff's claim that the statute of the State of New York was in contravention of the Constitution of the United States sufficiently appears by the record. *Loeb* v. *Columbia,* 179 U. S. 472, 476; *Holder* v. *Aultman,* 169 U. S. 81, 88.

A bill of exceptions is not required or appropriate for raising the points here sought to be reviewed. Rev. Stat., § 700; *Ætna Ins. Co.* v. *Boon,* 95 U. S. 117, 124; *Walnut* v. *Wade,* 103 U. S. 683, 688.

The transaction in suit, consisting essentially of the sale of articles manufactured in Pennsylvania, to be thence transported to New York and there delivered to defendant, was interstate commerce and as such under the protection of the Federal Constitution. *Brown* v. *Maryland,* 12 Wheat. 419, 447; *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727, 734; *Norf. & West. R. Co.* v. *Pennsylvania,* 136 U. S. 114.

If plaintiff has also done some local business, that does not affect its rights. *Crutcher* v. *Kentucky,* 141 U. S. 47, 59.

The fact that plaintiff did some work in putting the frames in place and hanging the sash in the frames does not deprive it of protection. *Caldwell* v. *North Carolina,* 187 U. S. 622; *Milan Milling Co.* v. *Gorten,* 93 Tennessee, 590; *Black-Clawson Co.* v. *Carlyle Paper Co.,* 133 Ill. App. 61; *Chuse Engine Co.* v. *Vromania Co.,* 133 S. W. Rep. 624; *Wolf Co.* v. *Kutch,* 132 N. W. Rep. 981.

It is not necessary that the contract to be protected should itself specify or require goods from another State; the substantial character of the transaction is controlling.

*Rearick* v. *Pennsylvania,* 203 U. S. 507, 511; *Swift & Co.* v. *United States,* 196 U. S. 375, 398.

The New York statute is in contravention of the Federal Constitution, and the provision that the corporation may not maintain any action in any court in the State is inseparable from the rest of the statute and falls with it. *International Text Book Co.* v. *Pigg,* 217 U. S. 91, 108.

The interference of defendant excused performance of the contract to the extent of the work which defendant caused to be done by others. *United States* v. *Peck,* 102 U. S. 46; *Kingsley* v. *Brooklyn,* 78 N. Y. 200, 216.

Defendant waived any default of strict performance on the part of plaintiff.

In substance and effect the referee's report was in favor of the plaintiff, for his legal conclusions are overborne by his specific findings from which opposite conclusions should have been drawn.

*Mr. William W. Niles* for defendant in error:

The judgment entered herein on the report of the referee is not reviewable. *York &c. R. R.* v. *Myers,* 18 How. 252; *Campbell* v. *Boyreau,* 21 How. 223; *Kearney* v. *Case,* 12 Wall. 275.

The alleged errors assigned herein do not raise any issue which would give this court jurisdiction to review the judgment herein entered.

The Supreme Court will not review alleged errors in the refusal of the court to find facts requested. *Shipman* v. *Straitville Mining Co.,* 158 U. S. 361; *Insurance Co.* v. *Folsom,* 18 Wall. 237, 250.

The transcript of record contains no bill of exceptions, and thus fails to show what questions were raised on the trial of the action before the referee, and fails to show that any question which would give this court jurisdiction was in issue in the court below. Rev. Stat., § 700; *Insurance Co.* v. *Folsom,* 18 Wall. 237; see pp. 249, 250.

Even in the state practice of New York, the questions presented on appeal must have been raised in the court below in order to be reviewable. None of the so-called exceptions filed by the plaintiff in error raise any question which could give this court jurisdiction to review, particularly so as this court will not review errors alleged to have been made by the refusal of this court to make requested findings. *Shipman* v. *Straitville Mining Co.*, 158 U. S. 361; *Insurance Co.* v. *Folsom*, 18 Wall. 237, 250.

The alleged errors assigned cannot be reviewed without a bill of exceptions, and no such bill was ever prepared, allowed, settled or filed.

Practically all alleged errors assigned relate to the findings of fact, which the court will not review.

All the alleged errors on rulings of law that the court might possibly review are immaterial in view of the finding by the referee of all material facts affecting the merits in favor of the defendant, and in view of said referee's finding that the plaintiff had substantially failed to carry out its contract and had broken its contract. *Holder* v. *Aultman*, 169 U. S. 81; *Burton* v. *United States*, 196 U. S. 283, 295.

Plaintiff having failed to perform, and there being no pretense that it had any excuse for non-performance, or that performance had been waived, could not recover and the complaint was properly dismissed. *Smith* v. *Brady*, 17 N. Y. 173; *Spence* v. *Ham*, 163 N. Y. 220; *Fuchs* v. *Saladino*, 133 A. D. 710; *Schultze* v. *Goldstein*, 180 N. Y. 249.

Impossibility of performance without fault of contractor does not excuse him from performing contract. *Jacksonville Ry.* v. *Hooper*, 160 U. S. 514, 527.

The referee having found that the plaintiff, so far as the transaction in suit was concerned, was doing business in the State of New York, and was not engaged in interstate commerce, that finding is conclusive upon this court

on the record presented to it, and cannot be called in question.   The referee's decision was amply justified under the decision of this court in *Diamond Glue Co.* v. *U. S. Glue Co.*, 187 U. S. 611.

The referee was right in holding that an action could not be maintained by the plaintiff against the defendant under the circumstances of this case.   *Wood* v. *Ball*, 190 N. Y. 217; *Colonial Trust Co.* v. *Montello Brick Co.*, 172 Fed. Rep. 310.

No Federal question is involved which would give this court jurisdiction.

The question of the construction of the New York statute is not a Federal question.   It does not raise constitutionality of statute, but construction merely.   *Swing* v. *Weston Lumber Co.*, 205 U. S. 275, 278.

MR. JUSTICE HUGHES delivered the opinion of the court.

The plaintiff in error, David Lupton's Sons Company, a Pennsylvania corporation, was engaged in the business of manufacturing and installing metal window frames and sash.   Its factory was in Pennsylvania.   In 1905 it entered into a contract in New York with the defendant, The Automobile Club of America, by which it agreed to manufacture and to place in position frames and sash for the defendant's building, to be erected in the city of New York, for the sum of $10,344.   While the Lupton Company was putting in the frames a strike occurred, and all the other persons employed by the defendant in the construction of the building stopped work on account, as it is found, "of the character and condition of labor" employed by the Lupton Company, and the material it furnished, of which complaint had been made by a New York labor union.   After various negotiations, the defendant—under an adjustment by the architect and in order to get its building constructed—employed another

concern to complete the work embraced in the contract with the Lupton Company. The latter received, for what it did, $5,837.72; the defendant paid for the completion $3,796.76, and if this were credited against the contract price there would remain a balance of $709.52.

The Lupton Company, insisting that it was wrongfully prevented from performance, brought this suit in the Circuit Court of the United States to recover the sum of $5,000 as the damages sustained by the alleged breach. The defendant pleaded several defenses, as well as a counterclaim for damages for breach by the plaintiff. Among the defenses was one that the Lupton Company could not maintain this action because it was a foreign corporation doing business in the State of New York without a certificate of authority in violation of § 15 of the General Corporation Law of that State. Laws of 1890, p. 1063, c. 563, § 15; Laws of 1892, p. 1805, c. 687, § 15, as amended.

Upon written stipulation the action was referred to a referee to hear and determine the issues. The referee reported his findings of fact and conclusions of law, holding that the contract was void under the statute and that the complaint should be dismissed. Upon the plaintiff's application, the report was recommitted in order that further findings might be proposed. The referee then passed on numerous requests submitted by the plaintiff, and on the filing of his supplemental report, which left unchanged the original conclusions of law, judgment was entered for the defendant. The Lupton Company brings the case here on writ of error to the Circuit Court upon the ground that the New York statute, as applied to the transaction in question, was in contravention of the Constitution of the United States as an unwarrantable interference with interstate commerce.

As the trial was had before the referee pursuant to the stipulation, the only question presented here is whether

there is any error of law in the judgment rendered by the court upon the facts found by the referee.   The findings of fact are conclusive in this court.   We cannot review any of the exceptions to these findings or to the refusal of the referee to find facts as requested.   *Roberts* v. *Benjamin*, 124 U. S. 64, 71, 74; *Shipman* v. *Straitsville Mining Co.*, 158 U. S. 356, 361; *Chicago, M. & St. P. Rwy. Co.* v. *Clark*, 178 U. S. 353, 364; *Hecker* v. *Fowler*, 2 Wall. 123; *Bond* v. *Dustin*, 112 U. S. 604; *Paine* v. *Central Vermont R. R. Co.*, 118 U. S. 152, 158.

Under § 15 of the General Corporation Law of the State of New York a foreign stock corporation, other than a moneyed corporation, is prohibited from doing business in the State without having first procured from the Secretary of State a certificate that it has complied with certain prescribed conditions.   The corporation is required (§ 16) to file with the Secretary of State a sworn copy of its charter and a statement setting forth the business which it proposes to carry on in the State; to designate its principal place of business within the State and to appoint a person upon whom legal process may be served.   *Wood & Selick* v. *Ball*, 190 N. Y. 217, 224.   Section 15 provides: "No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."   In his original report, the referee found that the Lupton Company was doing business in the State of New York, within the meaning of the statute, without a certificate of authority; and after the report was recommitted he made additional findings with respect to the nature of its business, upon which the plaintiff in error bases its contention that the statute has been held to apply to transactions in interstate commerce which were not subject to the State's interdiction.   It is not necessary, however, to review these findings, for the statute has received a construction by the

highest court of the State of New York which precludes it, in any aspect of the case, from being regarded as a bar to the maintenance of this action.

The referee's ruling that the contract was void was based upon the statement in the opinion in *Wood & Selick* v. *Ball, supra,* that "the procuring of a license must precede the transaction of business or the contracts of the corporation are not lawful." But in *Mahar* v. *Harrington Park Villa Sites,* 204 N. Y. 231, the Court of Appeals of New York has declared that a contract made by a foreign corporation doing business within the State without certificate of authority is not absolutely void; that the only penalty prescribed by the General Corporation Law for a disregard of the provisions of § 15 is a disability to sue upon such a contract in the courts of New York; and that the contract remains valid and effective in all other respects.

In the *Mahar Case,* the action was brought to recover a sum deposited under a contract made in New York with the defendant, a foreign corporation, which it was alleged was transacting business in the State without authority at the time the contract was made. It was asserted, in support of the action, that the contract was void and hence that there was a failure of consideration. The Court of Appeals held that the complaint did not state a cause of action. In the opinion delivered by Willard Bartlett, J., in which the majority of the court concurred, it is said (p. 234):

"It is assumed in the prevailing opinion" (that is, the opinion below, 146 App. Div. 756), "that this court held in the case of *Wood & Selick* v. *Ball* (190 N. Y. 217) that non-compliance with the requirements of that section has the effect of rendering any contracts made by such a corporation in this state absolutely void. Such is not my understanding of the purport of that decision. The only proposition decided in that case was 'that compliance with

section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this state.' . . . The only penalty which the General Corporation Law itself prescribes for a disregard of the provisions of this section is a disability to sue upon such a contract in the courts of New York. 'No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate.' (Cons. Laws, ch. 23, section 15.) This prohibition would be effective to prevent the appellant from suing the respondent upon the contract alleged in the complaint; but in my opinion it is not operative to wholly invalidate the contract. I think that the penalty imposed upon a foreign stock corporation for doing business in New York without the certificate of authority required by section 15 of the General Corporation Law is limited to that thus prescribed in the section itself. No doubt the legislature could have gone further and declared all contracts to be void which were made by a foreign stock corporation doing business in this state without having obtained the certificate; but it has not done so. This was the view taken in *Alsing Co.* v. *New England Quartz & Spar Co.* (66 App. Div. 473; affd., 174 N. Y. 536) where it was held that section 15 did not prevent a foreign stock corporation doing business here without having procured the necessary certificate from recovering upon a counterclaim growing out of the transaction upon which the plaintiff sued. 'The defendant, having been brought into court and thus made to defend,' said Mr. Justice O'Brien in that case, 'should be allowed, unless there is a distinct provision to the contrary, not only to defend but also to litigate any question arising out of the transaction that has been made the basis of the plaintiff's complaint. There is no such prohibitive provi-

sion in this statute, and, therefore, the obtaining of the certificate would not be a prerequisite to a recovery upon the counterclaim in question.' (p. 476.) The Supreme Court of the United States has distinctly held that a contract made by a foreign corporation with a citizen of another state is not necessarily void because the corporation had not complied with the laws of such other state imposing conditions upon it as a prerequisite to the lawful transaction of business therein. In *Fritts* v. *Palmer* (132 U. S. 282) a tract of land in Colorado had been conveyed to a Missouri corporation in disregard of constitutional and statutory provisions which prohibited a foreign corporation from purchasing or holding land in that state until it should acquire the right to do business therein by fulfilling certain prescribed conditions. Here the Missouri corporation had unquestionably violated the laws of Colorado when it purchased the property without having previously designated its place of business and an agent, as required by the Colorado statute. The only penalty which that statute provided, however, for non-compliance with these provisions was that the officers, agents and stockholders should be personally liable on any contracts of such foreign corporation as might be in default. The Supreme Court held the fair implication to be that, in the judgment of the Colorado legislature, this penalty was ample to effect the object of the statute prescribing the terms upon which foreign corporations might do business in that state; and hence the judiciary ought not to inflict the additional and harsh penalty of forfeiting the estate which had been conveyed to the Missouri corporation. In other words, the court refused to treat the conveyance as void, notwithstanding that it was made to a corporation which was forbidden to receive it.

"If I am right in assuming that the only infirmity in the contract mentioned in the complaint is the disability of one of the parties to it, namely, the foreign corporation,

to sue upon it in the courts of this state, it remains a valid and effective instrument in all other respects."

In this view, despite its transaction of business without authority, the foreign corporation could sue upon its contracts in any court of competent jurisdiction other than a court of the State of New York. Accordingly, it was held by the Court of Errors and Appeals of New Jersey that a suit might be brought by the corporation in that State upon a contract made in New York, where it was doing business without the prescribed certificate. *Alleghany Co.* v. *Allen*, 69 N. J. Law, 270. The court conceded the general rule both in New Jersey and New York to be that a contract void by the law of the State where made would not be enforced in the State of the forum. But it was held that the New York statute did not in terms declare the contract void; it provided that no such action should be maintained in that State.

In dismissing the writ of error to review that judgment (*Allen* v. *Alleghany Co.*, 196 U. S. 458, 465) this court commented upon the decision of the New York court in the case of the *Neuchatel Asphalte Co.* v. *The Mayor*, 155 N. Y. 373, which arose under the statute in an earlier form, the section (15) of the General Corporation Law then providing that the foreign corporation should not maintain "any action in this State upon any contract made by it in this State until it shall have procured such certificate." This court said: "The Court of Appeals in that case held that the purpose of the act was not to avoid contracts, but to provide effective supervision and control of the business carried on by foreign corporations; that no penalty for non-compliance was provided, except the suspension of civil remedies in that State, and none others would be implied. This corresponds with our rulings upon similar questions. *Fritts* v. *Palmer*, 132 U. S. 282."

It must follow, upon the similar construction of § 15 as it read at the time of the transaction in question, that

the Lupton Company, whether or not it was doing a local business in New York, had the right to bring this suit in the Federal court.  The State could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract.  *Union Bank* v. *Jolly's Adm'rs*, 18 How. 503, 507; *Hyde* v. *Stone*, 20 How. 170, 175; *Cowles* v. *Mercer County*, 7 Wall. 118, 122; *Insurance Co.* v. *Morse*, 20 Wall. 445; *Barron* v. *Burnside*, 121 U. S. 186; *Lawrence* v. *Nelson*, 143 U. S. 215; *In re Tyler*, 149 U. S. 164, 189; *Barrow Steamship Co.* v. *Kane*, 170 U. S. 100, 111.  The State in the statute before us made no such attempt.  The only penalty it imposed, to quote again from the *Mahar Case*, was a disability to sue "in the courts of New York." Before this decision of the state court, the Circuit Court of Appeals for the Second Circuit reached the same conclusion as to the meaning of the statute and upheld the right of the foreign corporation to sue in the Federal court. *Johnson* v. *New York Breweries Co.*, 178 Fed. Rep. 513, 101 C. C. A. 639.  The court below erred in dismissing the complaint.

With respect to the facts going to the merits of the claim of the Lupton Company, the referee made numerous findings which it is not necessary to set forth or to review at length.  The contract provided that "in the event of any strike or cessation of work, caused by character or condition of labor employed or material furnished," the owner should have full authority "to arbitrate or adjust the matter" and the contractor should make good the loss, to be fixed by the architect or by arbitration.  This clause was evidently inserted to meet the sort of difficulty which actually arose.  The referee found, as has been stated, that it was "on account of the character and condition of labor employed by the plaintiff and the material furnished

by it" that the strike took place and all the other persons employed on the building stopped work. It was also found that to complete the contract the defendant necessarily expended the sum of $3,796.76. This was done under an adjustment by the architect, and upon the findings the defendant was properly allowed a credit for the amount thus paid. There remained due to the plaintiff the sum of $709.52, for which it was entitled to judgment with interest.

*Judgment reversed and the cause remanded to the District Court with instructions to enter judgment in favor of the plaintiff for $709.52, with interest from the date of the commencement of the action.*