# EMPORIUM IRON CO. v. MATLACK COAL & IRON CO.

Circuit Court of Appeals, Third Circuit.
January 8, 1929.

No. 3916.

Lisle D. McCall, of Du Bois, Pa., and Singleton Bell, of Clearfield, Pa., for appellant.

Clarence E. Sprout, of Williamsport, Pa., and John E. Cupp, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The Matlack Coal & Iron Company, a corporation of the state of New York, brought this action against the Emporium Iron Company, a corporation of the state of Pennsylvania, to recover for certain coke and mill scale sold and delivered to the defendant for its blast furnace at Emporium, Pa. The case was tried before the court without a jury, and, on the facts found, judgment was entered for the plaintiff for $36,192.26, with interest. From the judgment so entered, this appeal was taken.

█ The main defense below, as well as here, is that, because the plaintiff was not registered with the secretary of the commonwealth and did not have an office and authorized agent therein, as provided by the Constitution and laws of Pennsylvania, the contract was invalid and unlawful, and no right of action existed thereon. That the plaintiff had no office with authorized agents in Pennsylvania, and was not registered as required by law, is admitted. The court held, as a matter of law, that under the Constitution and laws of Pennsylvania a foreign corporation, without registration as provided by law, cannot institute suit in the courts of Pennsylvania for a contract made in the state. Such contract is not invalid, and therefore suit may be maintained in the courts of the United States.

Section 5 of article 16 of the Constitution of Pennsylvania provides as follows: "No foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served."

The act of 1874 (P. L. 108, § 1) provided that "no foreign corporation shall do any business in this commonwealth, until said corporation shall have established an office or offices, and appointed an agent or agents for the transaction of its business therein." By section 2 it was provided that "it shall not be lawful for any such corporation to do any business in this commonwealth, until it shall have filed in the office of the secretary of the commonwealth a statement," etc. It further provided that persons offending the provisions of the act should be guilty of a misdemeanor, and be punished by fine or imprisonment. The Supreme Court of the state

construed this act in the case of De La Vergne Refrigerating Mach. Co. v. Kolischer, 214 Pa. 400, 63 A. 971. It was held that the act makes it unlawful for a corporation to do business in the state without having a place of business and a registered, authorized agent. The court held that the purpose of the act was to bring foreign corporations doing business in the state within the reach of legal process, and that the purpose is not accomplished by a registration at the pleasure of its officers, or when it may be to their interest to appeal to their courts, and that nothing short of a prior registration can give such a corporation a legal standing to enforce a contract, and that a contract made by a foreign corporation before establishing a place of business and registering an authorized agent is void, and cannot be enforced in the courts of Pennsylvania.

This decision is in harmony with the case of Hagerman v. Empire State Co., 97 Pa. 534, and other cases, which uniformly hold that a foreign corporation, without compliance with the act of 1874, was illegally engaged in business, and that the state courts were not open for the enforcement of its contract.

█ It is undoubtedly true that, if the act of 1874 were still in force, the plaintiff here could not have maintained an action in the courts of Pennsylvania, because it was unlawfully doing business in that state. In like manner, the federal courts would not enforce a contract made under circumstances condemned as unlawful by the courts of the state.

The act of 1874 (P. L. 108), was followed by the act of 1911 (P. L. 710), and the amendatory act of 1915 (P. L. 170; Pa. St. 1920, §§ 11054-11058). The act of 1911, while requiring foreign corporations to register before doing business and imposing penalties on agents and officers of the company violating the act, did not declare that, if such corporation did engage in business without first registering, the business was unlawful, and did not make its contracts null and void. On the contrary, the act, as amended by the act of 1915 (Pa. St. 1920, § 11057), saved such contracts from invalidity in these words:

"That the failure of any such corporation to file the power of attorney and statement aforesaid, with the secretary of the commonwealth, shall not impair or affect the validity of any contract with such corporation, and actions and proceedings at law or in equity may be instituted and maintained on any such contract."

The vital difference between this act and the act of 1874 was that the latter made the doing of any business by a nonregistered for-

eign corporation unlawful, while the former expressly recognizes the contracts of such corporation as legal, and permits suits to recover any moneys due thereon. It is very significant that the words "unlawful, null or void" are omitted from the acts of 1911 and 1915, and this coupled with the express statement in the act of 1915, that such contracts shall be recognized and given effect, and that actions may be maintained thereon, express a clear legislative purpose to remove the harsher provisions of the act of 1874 and constitutes a legislative interpretation of the constitutional provision. There is no doubt that if the statutes now in force had stated that the doing of business without registration was unlawful, and the contracts made by a nonregistered corporation illegal, the federal courts would not lend their aid to enforce such outlawed contracts.

We think this case is expressly ruled by the case of Lupton's Sons Co. v. Automobile Club of America, 225 U. S. 489, 32 S. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699. The substance of the Supreme Court's decision is that a contract made by a foreign corporation with a citizen of another state was not necessarily void because that corporation had not complied with the laws of such other state; that the fair implication is that the penalties imposed by the act were regarded by the Legislature as sufficient to effect the purposes of the legislative enactment; and that the judiciary ought not to inflict any harsher or additional penalties. The court further held that the state could not prescribe the qualifications of the suitors in the courts of the United States, and could not deprive of their privileges those who were entitled, under the Constitution and laws of the United States, to resort to the federal courts for the enforcement of a valid contract. Many cases are cited in the opinion of the court to sustain its position.

Being of opinion that the court was right in entering judgment for the plaintiff, it is affirmed.