## INTERTYPE CORPORATION et al. v. PULVER.

### No. 6370.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1932.

W. B. Crawford and W. B. Parks, both of Orlando, Fla., and Hilton S. Hampton and John W. Bull, both of Tampa, Fla., for appellants.

Harry R. Hewitt and Jefferson D. Stephens, both of St. Petersburg, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an attempted appeal from a final judgment of a referee appointed by the District Court upon application of the parties in a common-law action of replevin. In Florida, by statute, any civil cause may be tried before a practicing attorney as referee upon the application of the parties. Comp. Gen. Laws § 4561. Such referee has power to enter judgment from which a direct appeal may be taken in like manner and with like effect as an appeal from a judgment of the court making the reference. Sections 4562 and 4565. The District Judge denied a motion to vacate the referee's judgment, holding that he had no power to review it.

This court has jurisdiction to review final decisions in District Courts. 28 USCA § 225. It has no jurisdiction to entertain an appeal from the judgment of a referee, or to go further than to inquire "whether there is any error of law in the judgment rendered by the court upon the facts found by the referee." David Lupton's Sons Co. v. Automobile Club, 225 U. S. 489, 32 S. Ct. 711, 712, 56 L. Ed. 1177, Ann. Cas. 1914A, 699. Referees, whether appointed under state statutes pursuant to the Conformity Act of 1872, 28 USCA § 724, or without reference to that act, have usually been required to report their decisions for the approval of the trial court, with the result that the judgments finally entered have been the judgments, not of the referees, but of the courts. Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Boogher v. New York L. Insurance Co., 103 U. S. 90, 26 L. Ed. 310; Shipman v. Straitsville Cent. Mining Co., 158 U. S. 356, 15 S. Ct. 886, 39 L. Ed. 1015; David Lupton's Sons Co. v. Automobile Club, supra. It is true that a judgment which was entered by the clerk upon the report of a referee, and without the submission of the report to the court for its approval, was considered on appeal in Hecker v. Fowler, 2 Wall. 123, 17 L. Ed. 759, but that decision was rendered in 1864 prior to the enactment in 1865 of sections 649 and 700, Revised Statutes, 28 USCA §§ 773 and 875. Section 649 authorizes the trial of issues of fact in civil cases by the court without a jury upon the written stipulation of the parties. When an issue of fact is tried in this manner, section 700 provides for a review in the appellate court. Prior to this act of 1865 a trial before a judge without a jury was in the nature of an arbitration, and the sufficiency of the facts found to support the judgment was not subject to review in an appellate court. Campbell v. United States, 224 U. S. 99, 32 S. Ct. 398, 56 L. Ed. 684. Since the passage of that act the practice in the federal courts in trials without a jury has been in accordance with its provisions. This legislation was enacted "in order to preserve to the parties submitting a cause to a trial before a court, both as to law and fact, the benefit of a review or re-examination of questions of law in the appellate court." Flanders v. Tweed, 9 Wall. 425, 430, 19 L. Ed. 678. It is independent of and displaces the state practice of a state in which the federal District Court may be sitting. Ford v. Grimmett (C. C. A.) 278 F. 140, and Supreme Court cases there cited. In Boogher v. New York L. Insurance Co., supra, decided in 1880, it was strongly intimated that Rev. St. § 700 was the only statute under which a review could be had in an appellate court on an issue of fact in a civil cause at law tried in the Circuit, now District, Court otherwise than by jury; and the later cases, some of which are above referred to, have established that view. It is not doubted that the right of review under the act of 1865 may be preserved where the trial court, upon the written application of the parties, refers the case to a referee, provided the judgment finally entered is that of the court. City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57, 62. Unless the judgment becomes that of the court, it amounts to nothing more than an arbitration award. The Conformity Act has no application to appellate proceedings. In Camp v. Gress, 250 U. S. 308, at page 318, 39 S. Ct. 478, 482, 63 L. Ed. 997, it is said: "The Conformity Act by its express terms refers only to proceedings in District (and formerly Circuit) Courts and has no application to appellate proceedings either in this court or in the Circuit Court of Appeals. Such proceedings are governed entirely by the acts of Congress, the common law, and the ancient English statutes." In the instant case the District Judge did not

approve or adopt the judgment of the referee, but declined to consider it at all on the theory that the state statute was controlling. Since a final judgment of the District Court is not presented for review, we conclude that the appeal must be dismissed. Whether appellants are bound by the referee's decision, or are yet entitled to the final judgment of the District Court, we are not authorized to decide upon the record before us.

The appeal is dismissed.