## MAXWELL CO., Inc., v. CENTRAL HANOVER BANK & TRUST CO. et al.

District Court, S. D. New York.

Jan. 13, 1943.

Morton Roth, of New York City, for plaintiff.

Larkin, Rathbone & Perry, of New York City, for defendants Ogg and Central Hanover Bank & Trust Co.

RIFKIND, District Judge.

Defendants, Central Hanover Bank and Trust Company and Elton E. Ogg, move for a stay of all further proceedings in this action until another action for the same relief, presently pending in the New York Supreme Court, is determined. The state court action was commenced prior to the commencement of this action and, with the exception of the All Metal Partition Co., Inc., which is a defendant in the state court but is not a defendant here, is between the same parties. In both actions the plaintiff seeks to foreclose a mechanic's lien on premises situated at 1592–1600 Broadway, Manhattan.

■ Actions of this nature are in rem (sometimes called quasi in rem) and the rule is well established that as between courts of concurrent jurisdiction the court first assuming jurisdiction over the res involved may exercise that jurisdiction to the exclusion of the other. To bring this rule into play, it is not necessary that the property should have been actually seized under judicial process before the second action is commenced. United States v. Bank of New York & Trust Co., 1936, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Penn General Casualty Co. v. Pennsylvania, 1935, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Construction Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Boynton v. Moffat Tunnel Improvement Dist., 10 Cir., 1932, 57 F.2d 772, certiorari denied 287 U.S. 620, 53 S.Ct. 20, 77 L.Ed. 538.

In the latter case the court held that this rule had its limitations and that the rule would not be applied where the issues and subject matter of the two suits were not essentially the same.

Plaintiff asserts that the case at bar falls within the exceptions rather than within the rule because in the state court action an issue has been raised which, if decided in defendants' favor, might result in a dismissal of the action before any determination is made on the merits. That issue is raised by the allegation in the answer that plaintiff was doing business in New York without first having obtained a certificate of authority to do business therein and therefore could not maintain an action on a contract made in New York. See § 218, General Corporation Law of New York, Consol.Laws N.Y. c. 23. Apparently, that issue cannot be raised in this court. David Lupton's Sons Co. v. Automobile Club of America, 1912, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699.

■ The issue in question is entirely collateral to the main issue in the case and has nothing whatever to do with the merits of plaintiff's cause of action. If decided adversely to the plaintiff it will not prevent it from proceeding with this action. Defendants do not seek a dismissal but only a stay. Moreover, plaintiff does not admit that § 218 of the General Corporation Law of New York is applicable and that it is precluded from suing in the state court;

and it may be that that issue will be decided in its favor in which event the action could probably proceed to a determination on the merits. In any event the state court will continue to have exclusive jurisdiction at least until it is decided that plaintiff cannot sue in that court. Until such determination is made the plaintiff should not be permitted to proceed in this court.

■ Another reason urged by the plaintiff why this action should not be stayed is that here the Central Hanover Bank and Trust Company, the owner in fee of 1592–1600 Broadway, is named as a party defendant whereas in the state court the bank was not so named but was brought in as a defendant on motion of Irving Reimer, another defendant, and, therefore, plaintiff could not in that action obtain a foreclosure and sale of the bank's interest in the premises. Assuming this to be so, the fact is that the plaintiff intended to sue the owner of the fee but failed to do so only because it had named the wrong parties defendant. Should the bank be substituted for these parties, the plaintiff would not be broadening the scope of its action.

See Harkin v. Brundage, 1928, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457. Plaintiff has failed to show what steps, if any, were taken to remedy the situation or that the error cannot easily be corrected. In the absence of such showing we must assume that in accordance with plaintiff's intent to proceed against the owner of the fee, the bank can be substituted as a defendant in place and stead of the wrong parties.

■ The state court action has been indefinitely stayed because of the failure of the plaintiff to comply with an order of that court directing its president to appear for examination before trial. The person sought to be examined is in Florida and apparently plaintiff does not wish to proceed with the examination because of the inconvenience it would entail. However, plaintiff invoked the jurisdiction of the state court and it should not now be heard to complain that the orders of that court are vexatious or burdensome. Certainly, that is not a sufficient reason for permitting plaintiff to proceed with its action in this court so long as its action is pending in the state court.

Motion granted. Settle order.