Settle an order accordingly.

EMULSOL CORP. v. RUBENSTEIN & SON PRODUCE, Inc.

Civ. A. 5035.

United States District Court
N. D. Texas, Dallas Division.

April 13, 1953.

Donald G. Gay, Dallas, Tex., for the plaintiff.

J. Manuel Hoppenstein, Dallas, Tex., for the defendant.

ATWELL, Chief Judge.

In this case the defendant seeks summary judgment, and dismissal of the plaintiff's suit, because it claims that the plaintiff is a foreign corporation doing business in the state of Texas without a permit, and, that it may not, under a statute of Texas, which denies the right to use a state court in an attempt to collect money, come into the Federal court for such purpose.

The plaintiff denies that it was engaged in intrastate business, in this transaction. It also denies that Texas can determine what suits may be brought in national courts.

It must be conceded that in Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524, a divided court held as argued by the defendant in the case at bar. But, I am strongly opposed to the doctrine therein announced. The case here is between corporations of different state domicile. The amount in controversy, as well as such diversity of citizenship entitles entry into the national court. It would be an unseemly surrender of sovereignty for the Federal judiciary to be ruled by a state statute as to the right to enter a national court.

I think the correct rule is stated in David Lupton's Sons v. Automobile Club of America, in 225 U.S. 489, 32 S.Ct. 711, 714, 56 L. Ed. 1177, where it was said that, "The state could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract." That opinion was by Mr. Justice Hughes, without any Justice dissenting.

In Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253, the Supreme court of Texas held that a foreign corporation needs no permit to transact business in a state in order to maintain an action in the state with respect to an interstate transaction, regardless of the fact that at the time the interstate transaction occurred, the corporation was maintaining an office and doing business in the state without a permit.

Also, in 138 F.2d 804, the Circuit Court of Appeals for this circuit, in McLean v. York Oil Field Supply Co., Inc., held that a foreign corporation is not controlled by the Texas statute which requires foreign corporations doing intrastate business in Texas to qualify before they can enter state courts, does not preclude such corporation from enforcing contracts in Federal courts.

To make it doubly certain that there is jurisdiction here, the plaintiff denies engaging in intrastate business. It claims that the particular claim in suit arose out of a sale in Illinois, and was delivered to the defendant in Kansas City, Missouri.

It may be conceded that plaintiff did purchase goods, but not those which are the basis of this suit, in Texas, at Dallas, for shipment both in and out of the state.

Motion to Dismiss must be overruled.