**UNITED STATES of America,**
**Appellee,**

v.

**Michael DA GROSSA, Defendant-Appellant.**

**No. 1016, Docket 71-1351.**

United States Court of Appeals,
Second Circuit.

Argued July 13, 1971.

Decided July 15, 1971.

W. Cullen MacDonald, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., and Shirah Neiman, Asst. U. S. Atty., of counsel), for appellee.

Ronald Podolsky, New York City (Edward T. Di Tomasso, New York City, of counsel), for appellant.

Before FRIENDLY, Chief Judge, and LUMBARD and OAKES, Circuit Judges.

PER CURIAM:

Michael Da Grossa was convicted in the District Court for the Southern District of New York for possessing chattels stolen from interstate shipments in violation of 18 U.S.C. § 659. In August 1964 he was sentenced to imprisonment for a year and a day, but sentence was suspended and he was placed on probation. This has expired, but we are told that his federal conviction continues to have certain civil consequences under New York law.

If Da Grossa had been similarly convicted and sentenced by a New York State court, § 702 of the New York Correction Law, McKinney's Consol. Laws, c. 43, would allow the court to issue a certificate of relief from disabilities. He informs us that his application to a New York court for such a certificate with respect to his federal conviction was denied on the ground that under the clear terms of § 702, only the court of conviction can grant it. When Da Grossa applied for such a certificate

in the District Court, Judge Frankel ruled that he too was powerless.

While we sympathize with appellant for his inability to obtain relief which either court might be willing to grant if it had the power, Judge Frankel was clearly right. We do not believe that when the New York legislature, in § 702 of the New York Correction Law, referred to "any court of this state," it was thinking of a federal court administering federal criminal law. Cf. David Lupton's Sons Co. v. Automobile Club of America, 225 U.S. 489, 499–500, 32 S.Ct. 711, 56 L.Ed. 1177 (1912). Da Grossa argues against this that a statute permitting relief from New York imposed civil disabilities resulting from state but not from federal convictions would deny the equal protection of the laws and that we must therefore read the quoted words as applying to a federal court sitting in New York as well. But New York cannot direct a federal criminal court to afford a remedy not provided by federal law. While New York could broaden § 702 so as to empower its own courts to grant relief from civil consequences imposed by it for federal convictions, its failure to do so would not give a federal criminal court a power it lacks under federal law. The only relief from civil disabilities arising from a conviction which now exists in the Federal system is a presidential pardon. Relief similar to that provided by § 702 of the New York Correction Law would become available if § 3503 of the proposed revision of Title 18 of the U.S. Code were enacted but, unfortunately for Da Grossa, that has not yet occurred.

Affirmed.