Charles G. Tierney, J.
In this article 78 proceeding in the nature of mandamus petitioner seeks judgment directing the County Clerk of the Supreme Court, New York County, to accept for processing an application for a certificate of relief from civil disabilities or in the alternative declaring section 702 of the Correction Law unconstitutional.
Petitioner was convicted in the District Court for the Southern District of New York for possessing chattels stolen from interstate shipments in violation of section 659 of title 18 of the United States Code. In August, 1964 he was sentenced to imprisonment for a year and a day but sentence was suspended and he was placed on probation.
Prior to instituting the proceeding petitioner moved in the Federal court for the same relief which he seeks here. However petitioner’s application was denied (United States v. Da Grossa, 63 Cr. 1041 [S. D. N. Y.], affd. 446 F. 2d 902).
Petitioner here claims that the refusal by the County Clerk to accept his application violates due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.
The New York State Legislature in 1966 enacted article 23 of the Correction Law which is entitled, “ Discretionary Belief of First Offenders from Forfeitures and Disabilities Automatically Imposed by Law.” (L. 1966, ch. 654, eff. Oct. 1,1966). In this regard subdivision 1 of section 702 provided in pertinent part that “ Any court of this state may, in its discretion, issue á certificate of relief from disabilities to a first offender for a conviction that occurred in such court ” (italics supplied).
While petitioner was convicted of a Federal crime it is nevertheless clear that he is seeking to be relieved from disabilities that flow under State law from his conviction.
It is also evident that if petitioner had been similarly convicted in our courts his application under section 702 of the Correction Law would be entertained.
Bespondent argues that the ¡statute clearly intended to provide relief only to those persons convicted in the courts of this State. However, such contention runs counter to the intended purpose which the Legislature sought to achieve.
The Governor’s memorandum filed with the bill states the following, ‘ The bill, recommended by my Special Committee on Criminal Offenders, authorizes the courts * * * to issue *808 certificates to first offenders preserving or restoring the right to vote and preventing the forfeiture of other rights * * *. This bill will reduce the automatic rejection and community isolation that often accompany conviction of crimes, and will thus contribute to the complete, rehabilitation of first offenders and their successful return to responsible lives in the community. It is an important step beyond the previous system of automatic, indirect sanctions following upon a conviction without regard to the merits of the individual involved.” (N. Y. Legis. Annual, 1966, p. 349; id. pp. 18-19).
It is not disputed that the relief provided under section-702 is discretionary in nature and should not be bestowed upon individuals convicted of a crime unless certain standards and requirements are met. However, petitioner here has been denied the opportunity to apply for such relief because of the purported statutory limitation which restricts the issuance of a certificate to a conviction that occurred in a court of this State.
The court is mindful of the general rule that statutes are presumed to be valid and constitutional and a party attacking a statute as unconstitutional has the burden of proof of establishing such. This court need not turn its consideration to the question of the statute’s constitutionality under the Fifth and Fourteenth Amendments of the United States Constitution since this court finds that an interpretation of section 702 of the Correction Law which would preclude the petitioner, and others similarly situated, from the right to apply for a certificate of relief from civil disabilities is violative of section 11 of article I of the New York State Constitution. While it is unquestioned that the State may differentiate between the rights granted to one group of citizens and those granted to another, such differentiation must be predicated upon some rational basis or compelling State interest.
Those disabilities which are relieved upon the granting of the certificate are .disabilities imposed upon New York citizens by the action of certain specific New York statutes. There is no rational basis or compelling State interest which justifies the granting of the right to one citizen convicted in a State court but denies such right where the conviction of another citizen occurred in a Federal court. The laudatory purpose behind the statute is to facilitate the return of first offenders to society as useful citizens. This privilege should be granted those individuals who meet the standards notwithstanding the place of conviction. At a time when our entire correctional system is the subject of great concern and controversy, it would be irrational *809 and contrary to compelling State interest to place unreasoned obstacles in the way of the complete rehabilitation of first offenders thus impeding their successful return to responsible lives in the community.
This court rejects the argument that the rehabilitation of a New York citizen, convicted of a crime in a Federal court, is a purely Federal matter beyond the scope of State statutes. The granting of a certificate of relief from disabilities in no way eradicates or expunges the underlying conviction. It does prevent the mandatory forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election. The prevention of such mandatory forfeitures is a matter which falls squarely within the dealings of the State and its citizens and is in fact of only tangential interest to the Federal authorities.
Accordingly, petitioner’s application is granted to the extent only of declaring that an interpretation of section 702 which denies to petitioner the right to file an application for a certificate of relief from disabilities is unconstitutional in that such interpretation would deny him equal protection of the law under section 11 of article I of the New York State Constitution. The County Clerk of the County of New York is directed to accept and process such application in the same manner in which it would be processed if the conviction had been obtained in this court and the Justice before whom the conviction had been obtained was no longer a Justice of this court.