## PENNSYLVANIA STATE POLICE, Petitioner

v.

## Kenneth VIALL, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 3, 2001.

Decided May 25, 2001.

Joanna N. Reynolds, Harrisburg, for petitioner.

Francis X. O'Connor, Great Bend, for respondent.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Pennsylvania State Police (PSP) petitions for review of an order of an Administrative Law Judge (ALJ), appointed by the Office of Attorney General (OAG), upholding the appeal of Kenneth Viall (Viall) from the denial of his application to purchase a firearm. For the reasons that follow, we affirm.

On January 7, 1964, Viall was arrested in Broome County, New York for the

crime of grand larceny of the 1st degree. In April of 1964, Viall pled guilty to the offense of burglary of the 3rd degree, a felony under New York state law punishable by not more than ten years imprisonment. Viall was subsequently sentenced to three years probation and ordered to make restitution for a $600.00 tape recorder that he stole.

On February 14, 1999, Viall presented an application to purchase a firearm at a shop in Great Bend, Pennsylvania. In response to an instantaneous records check request from the firearm licensee and pursuant to Section 6111.1(b) of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. § 6111.1(b), the PSP conducted a review of their criminal history files and other relevant records to determine if Viall was prohibited from receipt or possession of a firearm under federal or state law. This review revealed a disqualifying conviction, i.e., the 1964 New York burglary conviction, and Viall's application was denied.[1] Viall filed a form challenging this denial. By letters dated February 22, 1999, and April 8, 1999, the Director of the PSP's Records and Identification Division confirmed the denial, noting Viall's 1964 conviction.

Viall thereafter filed an appeal with the Office of Attorney General (OAG) pursuant to Section 6111.1(e) of the Uniform Firearms Act, 18 Pa.C.S. § 6111.1(e). On July 15, 1999, as his appeal to the OAG was pending, Viall obtained a New York certificate of relief from disabilities, which restored his civil rights, except for his right to be eligible for public office. OAG thereafter assigned the case to the ALJ and a hearing was scheduled and held on August 26, 1999. At this hearing, the PSP presented numerous certified documents referencing Viall's 1964 burglary conviction, including his New York certificate of relief from disabilities.

Subsequent to this hearing, Viall presented the ALJ with copies of two letters [2] from a Judge of the Broome County Court in New York explaining that the New York certificate of relief from disabilities lifted all disabilities "that were in effect by virtue of [his] felony conviction" and allowed Viall, "like anyone else in New York," to "possess a rifle or shotgun." (R.R. at 138a). In addition, subsequent to this hearing, Viall sought and obtained an order from the Court of Common Pleas of Susquehanna County, Pennsylvania, relieving him of "any disability as to the possession, control or transfer of legal firearms." [3] (R.R. at 140a). This order was

1. Section 922(g) of the Federal Gun Control Act of 1968 (Gun Control Act), 18 U.S.C. § 922(g), essentially provides that "[i]t shall be unlawful for any person...convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess or receive a firearm.

2. The first letter was dated September 1, 1999, and the second letter was dated October 12, 1999.

3. Viall relocated from New York to Susquehanna County, Pennsylvania. Hence, Viall sought an order from the Court of Common Pleas of Susquehanna County relieving him from his firearms disability. Section 6105(d) of the Uniform Firearms Act, 18 Pa.C.S.

§ 6105(d), permits a person who has been prohibited from possessing a firearm to seek an exemption from said Act in the court of common pleas of the county where the applicant maintains his personal residence (exemption shall be granted where conviction has been vacated or fully pardoned or where the Secretary of the Treasury of the United States has relieved the applicant of any federal disability, except that this condition may be waived where Congress has not appropriated sufficient funds, and a period of ten years has elapsed since the applicant's last conviction).

forwarded to the ALJ and was made a part of the record.

Ultimately, the ALJ issued a decision and order upholding Viall's appeal, reversing the decision of the PSP and granting Viall an exemption from the prohibitions of the Uniform Firearms Act. Further, the order directed the PSP to correct Viall's official criminal record and to provide Viall with a corrected copy of his criminal record information. In rendering his decision, the ALJ concluded that Viall's order from the Court of Common Pleas of Susquehanna County qualified as an exemption under Section 6105 of the Uniform Firearms Act and rejected PSP's argument that Viall was required to provide further proof of a relief from disability under federal law in order to qualify for the same. The PSP thereafter filed a petition for review with this Court.

On appeal,[4] the PSP argues that the ALJ erred as a matter of law in upholding Viall's appeal. More specifically, the PSP argues that it had sufficient justification to deny Viall the right to purchase a firearm as he had not obtained a relief from federal firearms disability and New York had not fully restored his civil rights. We disagree.

As noted above, Section 6111.1(b) of the Uniform Firearms Act authorizes the PSP to review their criminal history records to determine whether or not a party is prohibited from receipt or possession of a firearm. Also, as noted above, Section 922(g) of the Gun Control Act prohibits any person who has been convicted "in any

court of, a crime punishable by imprisonment for a term exceeding one year" from possessing or receiving a firearm.[5]

However, Section 921(a)(20) of the Gun Control Act further provides that:

> What constitutes a conviction of such a crime shall be determined in accordance with the **law of the jurisdiction in which the proceedings were held.** Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had **civil rights restored** shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Our United States Supreme Court has found this Section to be unambiguous and held that this Section defines "convictions, pardons expungements, and restorations of civil rights by reference to the law of the convicting jurisdiction." *Caron v. United States,* 524 U.S. 308, 313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998), *citing Beecham v. United States,* 511 U.S. 368, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). In other words, this Section "must refer only to restorations of civil rights by the convicting jurisdiction." *Beecham,* 511 U.S. at 372, 114 S.Ct. 1669.[6]

In this case, Viall was originally arrested in Broome County, New York and ultimately pleaded guilty to the offense of

---

4. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. The phrase "crime punishable by imprisonment for a term exceeding one year" is defined by Section 921(a)(20)(B) of the Gun

Control Act to exclude any state offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less. 18 U.S.C. § 921(a)(20)(B).

6. *See also United States v. Jefferson,* 88 F.3d 240 (3rd Cir.1996), *cert. denied,* 519 U.S. 1019, 117 S.Ct. 536, 136 L.Ed.2d 421 (1996).

burglary of the 3rd degree in that jurisdiction. Pursuant to Section 921(a)(20) of the Gun Control Act, we must look to the law of New York to determine if Viall had a disqualifying "conviction" under Section 922(g) of the Gun Control Act. At the time of his guilty plea/conviction, the offense of burglary of the 3rd degree was punishable by a term of imprisonment not to exceed ten years. Initially, then, it would appear that Viall had a disqualifying conviction under Section 922(g).

However, our inquiry does not end here. If New York granted Viall a full restoration of his civil rights, then his original disqualifying "conviction" would no longer be considered a "conviction" for purposes of the Gun Control Act. *See* Section 921(a)(20) of the Gun Control Act; *Caron; Beecham.* Viall did, in fact, later seek and obtain a New York certificate of relief from disabilities, which restored his civil rights, except for his right to be eligible for public office.[7]

Nevertheless, the PSP maintains that said restoration was not a full restoration of Viall's civil rights. We cannot agree. Our Supreme Court did indicate in *Caron* that any limitation or restriction on a person's right to possess firearms contained in a restoration invokes the "unless clause" of

Section 921(a)(20), thereby rendering the exemption of that Section invalid.[8] However, Viall's New York certificate of relief from disabilities contained no such limitation or restriction.[9]

Section 701 of New York's Correction Law provides that a certificate of relief from disabilities may be granted to relieve an eligible offender of any forfeiture or disability that is automatically imposed by reason of a felony conviction. Correction Law § 701. The certificate may be limited to one or more enumerated forfeitures or disabilities. Correction Law § 701(1). If a certificate of relief is obtained, the conviction is then not deemed to be a conviction within the meaning of any provision of law that imposes a disability to apply for or receive any license or permit. Correction Law § 701(2). The certificate of relief shall not, however, prevent any administrative or licensing authority from exercising its discretionary powers to suspend, revoke, refuse to issue or renew any license. Correction Law § 701(3).

Section 702 of New York's Correction Law provides that a certificate of relief may be issued at the time of sentencing or at any time thereafter upon a verified application made to the court in which the conviction occurred. Correction Law

---

7. As noted above, Viall further obtained a certificate of relief from disabilities from the Court of Common Pleas of Susquehanna County, Pennsylvania, where Viall had relocated.

8. In *Caron*, the law of the state of Massachusetts, Caron's convicting jurisdiction, permitted him to possess rifles or shotguns, but expressly forbade him from possessing handguns outside of his home or business. As Caron did not receive a full restoration of his civil rights in Massachusetts, the Court held that Caron was not relieved of his federal firearms disability.

9. The PSP places heavy emphasis on the fact that Viall's certificate of relief did not restore

his right to be eligible for public office. However, such emphasis is misplaced. New York's Correction Law prevents a court from restoring this right. *See* Correction Law § 701(1). Additionally, as Viall noted in his brief, the right to hold public office is automatically restored upon completion of one's sentence. *See* Section 79 of New York's Civil Rights Law, Civil Rights Law § 79. Moreover, the exception to the exemption contained in Section 921(a)(20) of the Gun Control Act, i.e., the "unless clause," only applies when a certificate a relief contains an express prohibition against possession of a firearm. The exception makes no mention of a prohibition against the right to hold public office.

§ 702. The court is empowered to grant a certificate if (a) the court imposed a revocable sentence (probation or a conditional discharge) or imposed a sentence other than one executed by commitment to an institution under the jurisdiction of the State Department of Correctional Services. In interpreting these Sections of the Correction Law, the Supreme Court of New York, Montgomery County, has held that a certificate of relief from disabilities permits an individual to own, possess and use such firearms as shotguns and rifles, specifically including hunting rifles. *Matter of Alarie*, 168 Misc.2d 329, 643 N.Y.S.2d 926 (Co.Ct., 1996).[10]

Moreover, in an attempt to clarify the effect of his New York certificate of relief from disabilities, Viall presented the ALJ with two letters from Judge Martin E. Smith in Broome County, New York. Judge Smith issued the certificate of relief to Viall. In a letter dated September 1, 1999, Judge Smith indicated that said certificate entitles Viall to "own rifles and/or shotguns in the *State of New York.*" (R.R. at 132a) (emphasis in original). In a subsequent letter dated October 12, 1999, Judge Smith explained that "all disabilities that were in effect by virtue of [Viall's] felony conviction [had] been lifted." (R.R. at 138a).

In the same letter, Judge Smith also explained that anyone in New York can possess an ordinary rifle or shotgun, but only those individuals with a valid pistol permit may possess such firearms as handguns, pistols and revolvers. *Id.* Judge Smith further explained that Section 265.01 of New York's Penal Law, Penal Law § 265.01, prohibits a person with a felony conviction, such as Viall, from even possessing an ordinary rifle or shotgun, but that such prohibition or "disability" is removed with a certificate of relief. In other words, Judge Smith stated that a convicted felon with a certificate of relief, such as Viall, was "like anyone else in New York: he or she *may* possess a rifle or shotgun." *Id.* (emphasis in original).

Thus, as Viall received a certificate of relief from disabilities from the Broome County Court of New York, his "convicting jurisdiction," which certificate fully restored his civil rights, we cannot say that the ALJ erred as a matter of law in upholding Viall's appeal.

Accordingly, the order of the ALJ is affirmed.[11]

## ORDER

AND NOW, this 25th day of May, 2001, the order of the Administrative Law

---

**10.** The Supreme Court of New York, New York County, has even indicated that a person convicted of a federal crime may submit an application to a New York state court for a certificate of relief from disabilities imposed as a result of that federal conviction. *See In re Helmsley*, 152 Misc.2d 215, 575 N.Y.S.2d 1009 (Sup.Ct., 1991); *Da Grossa v. Goodman*, 72 Misc.2d 806, 339 N.Y.S.2d 502 (Sup.Ct., 1972).

**11.** We note that at argument before this Court, counsel for the PSP presented us with a memorandum order from the United States District Court, as well as a Magistrate Judge's Report and Recommendation, in the case of *Dunn v. Evanko* (W.D. Pa., Civil Action No.

99–1090, filed March 9, 2001). The memorandum order adopted said report and recommendation as the opinion of the court and concluded that state courts lack jurisdiction to remove a federal firearms disability. However, as said memorandum order and report and recommendation are not binding on this Court and appear to misconstrue federal law, we decline to defer to the same. *See New York v. United States*, 505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992); *City of Philadelphia v. Pennsylvania Public Utility Commission*, 676 A.2d 1298 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 546 Pa. 657, 684 A.2d 558 (1996), *cert. denied*, 520 U.S. 1155, 117 S.Ct. 1334, 137 L.Ed.2d 494 (1997).

Judge, appointed by the Office of Attorney General, is hereby affirmed.