**Raymond J. HESSE, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 2004.

Decided May 25, 2004.

Tina M. Hesse, Brookville, for petitioner.

Daniel R.L. McGuire, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

Raymond J. Hesse (Hesse) petitions for review of the order of an administrative law judge that found him ineligible to purchase and/or obtain a carry license for firearm ownership in the Commonwealth of Pennsylvania. We reverse that order.

Hesse was convicted at a jury trial of recklessly endangering another person on May 10, 1998.[1] Hesse's conviction resulted from an incident in which Hesse was the driver of a car and his estranged wife was the passenger when the vehicle struck a traffic attenuator, causing severe injuries to both Hess and his wife. Several years after this conviction Hesse applied for a permit to carry a firearm but was told by the Sheriff of Jefferson County that his application for a license to carry a firearm was denied by the Pennsylvania Instant Check System. Hesse filed a challenge to the determination and the denial was confirmed in a letter from the Pennsylvania State Police dated May 1, 2002. In that

---

1. Hesse was originally charged with attempted murder and aggravated assault; the jury returned a conviction on the lesser included offense of reckless endangerment.

letter Hesse was informed that the denial was based on his 1998 conviction for Recklessly Endangering Another Person, 18 Pa. C.S. § 2705, and that the offense was a prohibiting offense for a license to carry pursuant to 18 Pa.C.S. § 6109(e) relating to disabling factors for the issuance of a license to carry. Hesse appealed the denial to the Office of the Attorney General on the basis of an order of the Court of Common Pleas of Jefferson County dated December 11, 2001 that provided relief from disabilities imposed on Hesse by Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6162. A hearing was held before an administrative law judge on February 27, 2003 who, on June 9, 2003 issued an order upholding Hesse's appeal and ordering the State Police to take remedial action with regard Hesse's criminal history record so that it reflected the exemption contained in the December 11, 2001 order. The Pennsylvania State Police filed a petition for review with this Court on July 31, 2003. The administrative law judge then reconsidered his opinion and, in an order dated August 5, 2003, reversed his prior decision, and denied Hesse's appeal upon concluding that

> The evidence of this conviction and the evidence introduced at the proceedings regarding the commission of this misdemeanor establishes sufficient grounds to support the position of the [Pennsylvania State Police], that a crime of domestic violence as established by the Federal Gun Control Legislation (the Gun Control Act 18 U.S.C. § 922) was committed. This conviction is considered a prohibiting conviction which precludes Petitioner from firearm licensing and ownership.

(Order of the administrative law judge, Petitioner's brief, pp. 3–4) Upon the filing of that order this Court dismissed the Pennsylvania State Police petition for review as inoperative and Hesse filed this appeal.

 The questions we are to asked to consider are 1) whether the administrative law judge erred or lacked substantial evidence to support a finding that Hesse's conviction for reckless endangerment of another person constituted a crime of domestic violence within the meaning of 18 U.S.C. § 921(a)(33)(A), and 2) whether the administrative law judge erred in finding that Hesse is prohibited from possessing a firearm or obtaining a license to carry a firearm under the Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6162, as a result of his conviction for reckless endangerment of another person.[2]

18 U.S.C. § 922(g)(9) provides, in pertinent part that it shall be unlawful for any person,

> who has been convicted in any court of a misdemeanor crime of domestic violence . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

A crime of domestic violence is defined this way in 18 U.S.C. § 921(a)(33)(A):[3]

> Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that—
> (i) is a misdemeanor under Federal or State law; and

---

**2.** Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was made, or constitutional rights were violated. *Pennsylvania State Police v. Viall,* 774 A.2d 1288 (Pa.Cmwlth.2001)

**3.** There are certain exceptions to this definition, but none apply to Hesse.

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

■ Hesse was convicted in Pennsylvania of the misdemeanor crime of reckless endangerment of another person. In Pennsylvania, Reckless Endangerment is defined as a misdemeanor crime in which a person endangers another when he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa.C.S. § 2705. To sustain a conviction for reckless endangerment the Commonwealth must prove that the defendant had actual, present ability to inflict harm. *In re Maloney*, 431 Pa.Super. 321, 636 A.2d 671 (1994).

In their investigation of this matter the Pennsylvania State Police looked at the facts underlying Hesse's conviction, discovered that the victim was Hesse's estranged wife,[4] and concluded that the crime therefore had an element of domestic violence and that Hesse was precluded from gun ownership by the mandate of federal statute. Hesse argues that this was not a crime of domestic violence because reckless endangerment in Pennsylvania does not have as an element the use or attempted use of physical force ... by a current or former spouse against the victim. We agree.

Reckless endangerment is relationship neutral; it has no domestic element. The State Police misread the federal statute's mandate. In fact, if we were to adopt the Pennsylvania State Police reasoning in this case we would be permitting them to create entirely new convictions for a defendant by enhancing any crime of violence that involved persons within a certain relationship to the defendant as victims. 18 U.S.C. § 921(a)(33)(A) says that a conviction of any crime that has as an element the use of force against those within a certain relationship to the actor is a disabling condition to gun ownership. The crime of reckless endangerment in Pennsylvania has no such element, and the relationship of the actor to the victim does not create one. We conclude that the administrative law judge erred as a matter of law in finding that Hesse's conviction for reckless endangerment was a crime of domestic violence within the meaning of either 18 U.S.C. § 921(a)(33)(A) or the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6162

Accordingly, the Order of the administrative law judge in this matter is reversed.

### *ORDER*

AND NOW, this 25th day of May 2004, the Order of the administrative law judge in this matter is REVERSED.

---

4. Hesse and his wife are now divorced.