**Ronald D'ALESSANDRO, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2005.
Decided June 24, 2005.

Spero T. Lappas, Harrisburg, for petitioner.

Joanna N. Reynolds, Asst. Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Ronald D'Alessandro (Petitioner) petitions for review of a decision of the Office of Attorney General which sustained the ruling of the Pennsylvania State Police denying his application for a license to carry a firearm. We reverse for the reasons set forth below.

On June 30, 2003, Petitioner applied for a license to carry a firearm pursuant to Section 6109 of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa.C.S. § 6109. An examination of Petitioner's criminal history through the Pennsylvania Instant Check System (PICS) revealed a simple assault conviction that was deemed to disqualify Petitioner from obtaining a license. On July 14, 2003, Petitioner filed a PICS challenge with the Pennsylvania State Police and the denial was confirmed by letter dated July 17, 2003. Specifically, the letter informed Petitioner, in relevant part, that:

> ... the basis for your denial can be found under Federal Law, 18 U.S.C. § 922 which states that, it shall be unlawful for any person to sell or otherwise dispose of any firearm to any person who has been convicted in any court of a misdemeanor crime of domestic violence ...
>
> Your 1990 conviction for Simple Assault is prohibiting as it was determined to be a state misdemeanor offense involving domestic violence.

(R.R. at 89). Section 922(g)(9) of the Federal Gun Control Act provides that:

**(g)** It shall be unlawful for any person—

**(9)** who has been convicted in any court of a *misdemeanor crime of domestic violence,*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9) (emphasis added). Section 921(33)(A) of the Federal Gun Control Act provides that:

**(33)(A)** Except as provided in subparagraph (C),[FN1] the term "misdemeanor crime of domestic violence" means an offense that—

(i) is a misdemeanor under Federal or State law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, *by a person who is cohabiting with or has cohabited with the victim as a spouse,* parent, or guardian, *or by a person similarly situated to a spouse,* parent, or guardian of the victim

---

[FN1] So in original. No subparagraph (C) was enacted in subsec.(a)(33).

18 U.S.C. § 921(33)(A) (emphasis added). Petitioner appealed this decision to the Office of Attorney General pursuant to 18 Pa.C.S. § 6111.1(e) and a hearing was held before an Administrative Agency Law Judge (AALJ) on December 17, 2003.

At the hearing, Petitioner's criminal record was entered into evidence, which revealed that on December 10, 1989 Petitioner was arrested for simple assault/domestic violence. Petitioner's criminal record also contains a "Final Disposition Report" which indicates that he was charged with "2701 simple assault (domestic violence)" and that he pled guilty to "simple assault" on April 9, 1990. (R.R. at 16a). Petitioner's criminal record included a Police Report which indicates that Petitioner "hit the victim, his live in girlfriend, knocking her to the floor, and that she was unconscious." The Police Report also lists the same address for the Petitioner and the victim. The "Offense/Incident" section of the Police Report lists "Simple Assault 2701", which is a reference to the crime of simple assault which is set forth in 18 Pa. C.S. § 2701, and "Domestic Viol. 2711", which is a reference to probable cause arrests in domestic violence cases which is set forth in 18 Pa.C.S. § 2711. (R.R. at 12a). The Police Report was produced by John Schneider, a witness at the hearing who is employed by the State Police in the firearms division as the supervisor in the PICS legal section. Mr. Schneider testified that he received the Police Report from the Pittsburgh Police Department.

Petitioner's attorney objected to the Police Report on the basis that it was inadmissible hearsay evidence. However, the AALJ overruled this objection because the Police Report "is a certified record from the Pittsburgh Police Department." (R.R. at 43a). Later in the hearing, Petitioner's attorney renewed his hearsay objection on the basis that the Police Report contains internal hearsay. In overruling the objection, the AALJ stated that:

I think that the record was prepared contemporaneous with the incident. I'm going to overrule the objection with the understanding that it is not—it isn't dis-

positive of all the issues involving this particular case and I think the totality of the circumstances are going to have to be reviewed to determine whether or not the relationship that existed between [Petitioner] and [the victim] rises to the level of a relationship that would be considered a domestic relationship for the purpose of the domestic violence prohibition under the statute.

In fact, the address doesn't prove one way or the another at this point, in my opinion, but it was properly recorded contemporaneous with the incident. So I'm going to overrule the objection . . .

(R.R. at 52a–53a).

Petitioner testified that he did not live with the victim, who was an employee of his, and he produced pay stubs to show that he and the victim did not live together. (Petitioner's Exhibit # 1 and # 2 in the Certified Record). Petitioner submitted this evidence for the purpose of showing that his relationship with the victim was not of any type listed in 18 U.S.C. § 921(33)(A). However, Petitioner did admit that he was involved in a sexual relationship with the victim and that he had dated the victim for a few months after she had started working for him.

By order dated September 16, 2004, the AALJ denied Petitioner's request for relief. In his decision, the AALJ reasoned that, because Petitioner was having a sexual relationship with the victim, he assaulted a "family or household member" and therefore committed a crime of domestic violence because 18 Pa.C.S. § 2711(a), which deals with probable cause arrests in domestic violence cases, uses the definition of "family or household member" in the Protection From Abuse Act and because "current or former sexual or intimate partners" is included in that definition. Specifically, the AALJ stated that:

Because of the nature of the statutes applicable to firearms eligibility, it is necessary to review each set of facts and apply the respective state and federal statutes *in pari materia* in order to arrive at the complete relationship between the jurisdictions. In this matter one must consider the federal disqualifier, the 18 U.S.C. § 921(a)(33) suggestion of a crime of domestic violence which follows a simple assault conviction [under] 18 Pa.C.S.A. § 2701 and 18 Pa. C.S.A. § 2711. While the enumerated classifications found in 921(a)(33) are illustrative of the federal classification there it is clear that the Commonwealth statutes have considered the issue of domestic violence referring the inquiry to 23 Pa.C.S.A. § 6102 for an extensive discussion of what is a "family or household member" is considered. In section 23 Pa.C.S.A. § 6102 a family member is defined as

"spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood.(emphasis added)."

The record of the hearing, specifically, page 14 suggests that the [Petitioner] was having sexual relations with the victim for a few months. The application of this statute to this matter supports [the Pennsylvania State Police's] conclusion that [Petitioner] did in fact perpetrate a crime of domestic violence on the victim.

(R.R. at 86a–87a; footnotes omitted). Thus, because the AALJ determined that Petitioner committed a crime of domestic violence, he concluded that Petitioner was barred from obtaining a license to carry a

firearm. Petitioner's appeal to this Court followed.

■ Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed and whether constitutional rights were violated. *Pennsylvania State Police v. Viall,* 774 A.2d 1288 (Pa.Cmwlth.2001).

On appeal, Petitioner argues that the AALJ erred by denying his request for relief because: 1) his conviction of simple assault does not qualify as a state misdemeanor of domestic violence because he was not related to the victim in any of the ways dictated by the federal definition of "misdemeanor of domestic violence" in 18 U.S.C. §§ 921 and 922 and 2) the police report indicating that he lived with the victim was inadmissible hearsay.

Initially, we note that the AALJ relied on the fact that Petitioner and the victim were engaged in a sexual relationship as his basis for determining that Petitioner committed a crime of domestic violence. However, a sexual relationship is not a type of relationship listed in 18 U.S.C. § 921(33)(A)(ii). Instead, the AALJ relied on the definition of "family or household

members" in the Protection From Abuse Act as his basis for determining that Petitioner committed a crime of domestic violence. The AALJ looked to this definition in the Protection From Abuse Act because Section 2711(a) of the Crimes Code, which deals with probable cause arrests in domestic violence cases, specifically references that definition.[1]

During oral argument on this case, counsel for the State Police conceded that it was improper for the AALJ to rely on the definition of "family or household members" in the Protection From Abuse Act as a basis for determining that Petitioner committed a crime of domestic violence. Rather, counsel for the State Police argued that the State Police proved that Petitioner cohabitated with the victim and that, therefore, the AALJ's decision prohibiting Petitioner from obtaining a license to carry a firearm should be affirmed. The State Police also argues that, even if they haven't proven cohabitation, the evidence shows that Petitioner was "similarly situated to a spouse" of the victim, which is also a type of relationship listed in Section 921(33)(A) of the Federal Gun Control Act.

---

1. Section 2711(a) provides, in relevant part, that:

**2711. Probable cause arrests in domestic violence cases**
(a) **General rule.**—A police officer shall have the same right of arrest without a warrant as in a felony whenever he has probable cause to believe the defendant has violated section ... 2701 (relating to simple assault) ... against a family or household member although the offense did not take place in the presence of the police officer. A police officer may not arrest a person pursuant to this section without first observing recent physical injury to the victim or other corroborative evidence. *For the purposes of this subsection, the term "family or household member" has the meaning given that term in 23 Pa.C.S. § 6102 (relating to definitions).*

18 Pa.C.S. § 2711(a) (emphasis added). Section 6102 of the Protection From Abuse Act provides, in relevant part, that:
(a) **General rule.**—The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

...

"**Family or household members.**" Spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, *current or former sexual or intimate partners* or persons who share biological parenthood.
23 Pa.C.S. § 6102 (emphasis).

■ First, we note that cohabitation and being "similarly situated as a spouse" are not separate requirements. Rather, being "similarly to a spouse" is an extension of the cohabitation requirement. Thus, to be a "misdemeanor crime of domestic violence" under Section 921(33)(A), the person must either, at the time of the possible domestic violence incident, be cohabiting with or have "cohabited with the victim *as a spouse*" (emphasis added) or be cohabitating with or have cohabited with the victim and be similarly situated to the victim as a spouse. In this case, it is undisputed that Petitioner and the victim were not spouses. Thus, given the State Police's concession that it was improper for the AALJ to rely on the definition of "family or household members" in the Protection From Abuse Act, the relevant inquiry in this case is whether Petitioner cohabited with the victim and whether Petitioner was similarly situated to the victim as a spouse. Having narrowed the focus of our inquiry, we will proceed to address Petitioner's argument that the evidence was not sufficient to prove that he committed a misdemeanor crime of domestic violence.

The crime of simple assault, which the Petitioner in this case pled guilty to committing, is set forth in Section 2701(a) of the Crimes Code.

(a) **Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury . . .

18 Pa.C.S. § 2701. Before we reach the merits of this case, we note that, unfortunately, in the Commonwealth of Pennsyl-

vania there is no separate crime of "domestic violence." In fact, as noted by the Court of Appeals for the District of Columbia Circuit in *U.S. v. Barnes*, 295 F.3d 1354, 1364, 353 U.S.App.D.C. 87, 97 (D.C.Cir.2002) (footnote omitted) "[f]ewer than half of the states currently have a "domestic assault" statute that expressly includes as elements both the use of force and a specific relationship between the offender and victim. Most states, and the District of Columbia, charge domestic violence offenders under general assault statutes." This is unfortunate because, in this case, the State Police, the Office of Attorney General and now this Court have been burdened with trying to determine whether a crime that was committed sixteen years ago is a crime of "domestic violence" or not. After so much time, memories fade and witnesses become unavailable. If the domestic element of the crime were determined in conjunction with determining whether a simple assault took place, we would not have this burden. Rather, the fact of the guilty plea or conviction would establish the domestic element of the offense and our inquiry would end. However, this is not the case. We noted this with regard to the crime of reckless endangerment in *Hesse v. Pennsylvania State Police*, 850 A.2d 829 (Pa.Cmwlth. 2004), *petition for allowance of appeal denied*, —— Pa. ——, 867 A.2d 525 (2004) when we stated that:

Reckless endangerment is relationship neutral; it has *no* domestic element. The State Police misread the federal statute's mandate. In fact, if we were to adopt the Pennsylvania State Police reasoning in this case we would be permitting them to create entirely new convictions for a defendant by enhancing any crime of violence that involved persons within a certain relationship to the defendant as victims. 18 U.S.C.

§ 921(a)(33)(A) says that a conviction of any crime that has as an element the use of force against those within a certain relationship to the actor is a disabling condition to gun ownership. The crime of reckless endangerment in Pennsylvania has no such element, and the relationship of the actor to the victim does not create one. We conclude that the administrative law judge erred as a matter of law in finding that Hesse's conviction for reckless endangerment was a crime of domestic violence within the meaning of either 18 U.S.C. § 921(a)(33)(A) or the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6162.

*Id.* at 832 (footnotes omitted). If Pennsylvania had a "domestic assault" statute that expressly included as elements both the use of force and a specific relationship between the offender and victim, our inquiry in these cases would be much simpler and the outcome much more certain. However, because Pennsylvania has no such statute, we must proceed to determine whether the State Police proved that the crime Petitioner committed sixteen years ago was a crime of "domestic violence" or not.

▆▆▆▆ Petitioner argues that the Police Report, which is the only evidence presented by the State Police which contains information regarding his relationship to the victim, was inadmissible hearsay. We first note that the Police Report is hearsay because it is an out-of-court statement offered to prove the truth of the matters asserted therein, i.e. that Petitioner cohabitated with the victim of the simple assault. *See Jennings v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 552, 554 (Pa.Cmwlth.1998). The question we must answer is whether the Police Report was properly admitted into

evidence as an *exception* to the hearsay rule. The Comment to Pennsylvania Rule of Evidence 803(8), which is titled "Public Records and Reports", notes that Pennsylvania did *not* adopt the federal formulation of including a hearsay exception for public records and reports. Rather, the Comment notes that the rules for the admissibility of official records is set forth separately in Section 6103(a) of the Judicial Code, which provides, in relevant part, that:

**(a) General rule.**—An official record kept within this Commonwealth by any court, magisterial district judge or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of that office . . .

42 Pa.C.S. § 6103. Section 6104(b) of the Judicial Code further provides that:

**(b) Existence of facts.**—A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

42 Pa.C.S. § 6104(b).[2]

Petitioner's criminal record, including the Police Report, was submitted with a

---

**2.** We note that the Pennsylvania Rules of Evi- dence do not apply to administrative proceed-

document titled "Certificate Made Pursuant to 42 Pa.C.S. Section 6103" (Certificate). The Police Report is an "official record kept within this Commonwealth by ... [a] government unit", 42 Pa.C.S. § 6103(a), which in this case is the City of Pittsburgh Police Department. The Certificate contains a certification signed by a clerical specialist which states that: "I certify that the attached criminal history/disposition information regarding [Petitioner] is a true and correct copy of the record kept in the Pittsburgh Police Department, and that I am the custodian of that record." The Certificate also contains a certification signed by the clerical specialist's supervisor which states that: "I certify that the official who has signed the certification is a custodian of records for the Pittsburgh Police Department." (R.R. at 17a). We believe that this complies with Section 6103(a) of the Judicial Code. Thus, the Police Report, although hearsay, was properly authenticated pursuant to Section 6103(a) of the Judicial Code.[3]

 Pursuant to Section 6104(b) of the Judicial Code, however, the facts contained in the Police Report are only admissible as evidence regarding whether Petitioner cohabited with the victim of the simple assault to the extent it discloses the existence of facts recorded pursuant to an official duty unless the circumstances indicate a lack of trustworthiness. Here, there are certain facts in the Police Report recorded pursuant to the police officer's official duty to report a simple assault. The report also contains statements, however, which are questionable as to whether they are facts or conclusions and whether they are reasonably relevant to the assault, particularly whether or not the victim was a "live in girlfriend." Therefore, relevant facts are that the Petitioner "hit" the victim and that the Petitioner and the victim's addresses were recorded at the same address. However, there is no explanation on the report for the statement that the victim was the Petitioner's "live in girlfriend", a statement whose trustworthiness is suspect as a fact and could just as well be a conclusion without any supporting basis since the mere duplication of addresses does not justify a conclusion regarding the extent of a sexual relationship let alone a cohabitation relationship. On the contrary, the only testimony in the Record of this case is the perpetrator/Petitioner's staunch denial of that fact/conclusion in the police report. It is also questionable under the circumstances of an investigation of an assault whether the issue of the victim being a live in girlfriend or an occasional sexual partner or a roomer or a tenant would even be established by the investigating officer. Merely because a police report is admitted into evidence does not make admissible every statement contained therein. Rather, only those facts recorded pursuant to the official duty involved at that

---

ings. *See* Comment to Pa. R.E. 101. However-er, 42 Pa.C.S. §§ 6103 and 6104 are located in subchapter A of the Rules of Evidence in the Judicial Code. Section 6101 (Scope of subchapter) of the Judicial Code provides that:

> Except as otherwise provided by statute or regulation promulgated pursuant thereto by a government agency, the provisions of this subchapter shall apply to matters heard by judicial tribunals and to *all matters heard by government agencies of this Commonwealth.*

42 Pa.C.S.A. § 6101. Thus, it is clear that Sections 6103 and 6104 do apply to this case.

**3.** We note that petitioner argues that the Police Report does not satisfy the business record exception to the hearsay rule at Pa. R.E. 803(6). Having determined that the Police Report is admissible under 42 Pa.C.S. § 6103(a), we need not address this argument.

time and only those which indicate a trustworthy source of the facts recalled are admissible. Because it is not clear that it was an official duty of the police officer investigating the assault to make the factual determination of whether or not Petitioner and the victim cohabitated, we must conclude that the facts in the Police Report are not admissible under 42 Pa.C.S. § 6104(b) for the purpose of attempting to establish whether or not Petitioner and the victim cohabitated.

As noted above, however, the AALJ relied on the fact that Petitioner and the victim were involved in a sexual relationship as his basis for determining that Petitioner committed a crime of domestic violence. During argument, Counsel for the State Police conceded that this was improper, and we agree. The question that must be answered in this case is whether Petitioner cohabitated with the victim and whether Petitioner was "similarly situated to a spouse" of the victim of the simple assault. The only evidence regarding this question is the Police Report and, for the reasons set forth above, we have determined that it is not admissible under 42 Pa.C.S. § 6104(b) for the purpose of establishing whether Petitioner and the victim cohabitated. Because there is no other admissible evidence regarding whether Petitioner and the victim lived together, we must conclude that the State Police failed to prove that Petitioner was convicted of a "misdemeanor crime of domestic violence" as that term is defined in Section 921(33)(A) of the Federal Gun Control Act. As such, the State Police has failed to show that Petitioner is barred from obtaining a license to carry a firearm by Section 922(g)(9) of the Federal Gun Control Act.

Accordingly, the decision of the Office of Attorney General is hereby reversed.

**ORDER**

AND NOW, June 24, 2005, the decision of the Office of Attorney General is hereby REVERSED.

Judge LEADBETTER dissents.

