IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Matthew Rice,              :
           Petitioner     :
                    :
     v.                 :   No. 235 C.D. 2023
                    :
Pennsylvania State Police,    :
           Respondent   :   Argued:  February 7, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                    FILED:  March 11, 2024

Petitioner Adam Matthew Rice (Rice) petitions for review of the Office of Attorney General's (OAG) February 10, 2023 adjudication, through which an OAG administrative law judge (ALJ) denied Rice's appeal of Respondent Pennsylvania State Police's (PSP) denial of his application to purchase a firearm. We affirm, on the basis of issue waiver.

## **I. Background**

As recounted by the ALJ in his adjudication of Rice's appeal:

> On September 15, 2020, Rice attempted to purchase a firearm in the City of Washington (Washington County), Pennsylvania. He was prevented from doing so because a Pennsylvania Instant Check System ("PICS")[1] report was run by the PSP. The report indicated that the requested purchase was prohibited by law.

[1] The PICS was established by Pennsylvania's General Assembly in 1995 and requires the PSP to conduct immediate criminal history, juvenile delinquency history, and mental health record checks prior to any firearm purchase, transfer, or license issuance. The PSP is required to determine whether the applicant is prohibited from receipt or possession of a firearm or license to carry under state and/or federal law and to inform the licensed firearm importer, manufacturer, dealer, or sheriff's office involved in the proposed transaction. *See* 18 Pa. C.S. §§ 6111, 6111.1.

After receiving a challenge from Rice dated the same day, the PSP confirmed the denial. The PSP explained to Rice that the status of his application to purchase a firearm was based on information received indicating that Rice was convicted of Driving Under the Influence of Alcohol (DUI) graded as a misdemeanor of the first degree in 2013, which triggered a firearm prohibition under the Federal Gun Control Act (FGCA), 18 U.S.C. § 922(g). The PSP's letter invited Rice to submit additional information for the agency's review and consideration before a final determination on the question was made.

On November 3, 2020, the PSP sent a letter to Rice indicating that it had decided to uphold the firearm denial. The letter indicated that the firearm denial was based on his conviction for DUI, which triggered a firearm prohibition under 18 U.S.C. § 922(g)(1). Rice appealed this determination to the OAG pursuant to 18 Pa. C.S. § 6111.1(e)(3), [via letter on November 23, 2020,] and an evidentiary hearing was conducted [before the ALJ] on the matter on March 15, 2022.

OAG Adjudication at 1-2 (cleaned up).

The ALJ subsequently issued his adjudication on February 10, 2023, through which he affirmed the PSP's denial of Rice's firearm purchase application. The ALJ noted that Section 922(g)(1) bars a person from shipping, transporting, possessing, or receiving a firearm if they have been convicted of a state-level misdemeanor crime for which the maximum carceral term is two or more years. *Id.* at 4-5. The ALJ then observed that Rice had been convicted of precisely that kind of crime, in that his

misdemeanor DUI conviction was for a crime that carried a maximum potential sentence of five years, and that he was consequently barred by federal law from purchasing a firearm. *Id.* at 5-6. The ALJ also declared that, in his view, any arguments regarding the as-applied constitutionality of this federal ban had not been fully articulated or developed at the administrative level:

> Notably, counsel for Rice stated to this tribunal:
>
>> As I indicated at the outset, we understand that the [PSP] is doing what it's required to do under the law. We're here today to exhaust our administrative remedies, to go through the process and then at a later date, if necessary, if we decide so, we may pursue this as a collateral matter to challenge the constitutionality of Section 922(g), *particularly as it applies to my client*.
>
> 3/15/22 [Notes of Testimony (N.T.)] at 13 (emphasis added). No further information was communicated regarding the potential constitutional argument under consideration by Rice for presentation at a future date in a different forum.
>
> In response thereto, the undersigned inquired of both counsel whether or not Rice is required to raise a constitutional argument in the administrative law proceeding and whether or not the undersigned is required to rule upon it. *Id.* at 14. More specifically, the undersigned stated:
>
>> The reason I asked that is, frankly, in the couple of years I've been doing this [(serving as the OAG's ALJ)], I haven't ever been asked to rule on the constitutionality [of a statute] . . . In passing and in doing legal research, I feel like I've come across a case that talked about a certain subset of constitutional challenges where they have to be raised in this - with the ALJ.
>
> *Id.* at 15.
>
> Counsel for both parties communicated their belief that claims of constitutional dimension are not within this tribunal's jurisdiction and must be raised in a different

3

forum. *Id.* at 14. However, both counsel also indicated that they would not oppose the undersigned opining on the constitutionality of the FGCA if I wished to. *Id.* at 15-17. At that point, the undersigned: (1) pointed out that "I don't even know what the constitutional argument is at this point," and (2) informed counsel that no constitutional claim would be addressed unless one or both parties subsequently contacted the tribunal and requested a reopening of the hearing to address questions of statutory constitutionality. *Id.* at 17. In the words of the tribunal:

> Why don't we do this? I don't want to put any extra burdens on you, but if you, subsequent to today, . . . if you do any research or you find that I – you think I should address the constitutionality [issue], why don't you just send a letter to me and copy counsel.
>
> . . . .
>
> We'll assume that I don't need to, but—if you subsequently feel that I need to do something in that regard, just let me know.

*Id.*[2] Neither party subsequently contacted the tribunal on this matter and no "as-applied" constitutional claim was ever raised or argued. *See Lehman v. Pa. State Police*, 839 A.2d 265 (Pa. 2003) ("facial challenges to a statute's constitutionality need not be raised before the administrative tribunal to be reviewed by an appellate court; challenges to a statute's application, however, must be raised before the agency or are waived for appellate review" and "administrative agencies must address 'as[-]applied' claims").

[2] The hearing transcript contains a typographical error indicating that I stated "if . . . you think I shouldn't address the constitutionality, . . . why don't you just send a letter[.]" In fact, my direction to counsel was "if . . . you think I should address the constitutionality, . . . why don't you just send a letter[.]" Corroboration of this fact can be found in my later statement to counsel reflected in the transcript that "[w]e'll assume that I don't need to, but . . . if you subsequently feel that I need to do something in that regard, just let me know."

*Id.* at 6-8 (cleaned up).

This appeal to our Court followed shortly thereafter.

## II. Discussion

Rice presents two interrelated arguments for our consideration,[1] which we summarize as follows. First, Section 922(g)(1) of the FGCA is unconstitutional as applied to Rice, because the PSP's denial of his firearm purchase application on account of his non-violent misdemeanor conviction runs afoul of the Second Amendment.[2] Rice's Br. at 9-19. Second, the PSP's denial of Rice's firearm purchase application violated article I, section 21 of the Pennsylvania Constitution,[3] which enshrines the right to bear arms on a state level. This is because Section 922(g)(1) of the FGCA, as applied in this instance to Rice, contravenes the Second Amendment, and that law was the only reason why the PSP denied Rice's application; as such, the PSP's denial runs afoul of the Pennsylvania Constitution. *Id.* at 19-21. In other words, both of Rice's arguments hinge upon his belief that Section 922(g)(1), as applied to him under these circumstances, violates the Second Amendment.

We, however, are precluded from entertaining the merits of Rice's position, because he failed to challenge Section 922(g)(1)'s as-applied constitutionality at the administrative level. Constitutional challenges come in two flavors:

---

[1] Our standard of review regarding an OAG administrative adjudication of this nature is limited to determining whether the ALJ abused their discretion, committed an error of law, or violated a petitioner's constitutional rights. *Pa. State Police v. Viall*, 774 A.2d 1288, 1290 (Pa. Cmwlth. 2001) (citing 2 Pa. C.S. § 704). "An abuse of discretion will be found only if [administrative] findings [of fact] are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Zoning Hearing Bd. of Sadsbury Twp. v. Bd. of Supervisors of Sadsbury Twp.*, 804 A.2d 1274, 1278 (Pa. Cmwlth. 2002).

[2] U.S. CONST. amend. II.

[3] PA. CONST. art. I, § 21.

5

they either assail the statute on its face, or as applied in a particular case. In a facial challenge, a party is not required to exhaust administrative remedies because "the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled." *Borough of Green Tree v. Bd. of Prop. Assessments, Appeals and Rev. of Allegheny Cnty.*, 328 A.2d 819, 825 (Pa. 1974). Accordingly, facial challenges to a statute's constitutionality need not be raised before the administrative tribunal to be reviewed by an appellate court; ***challenges to a statute's application, however, must be raised before the agency or are waived for appellate review***.

*Lehman*, 839 A.2d at 275 (cleaned up and emphasis added).

In this instance, Rice failed to pursue his as-applied Second Amendment challenge to Section 922(g)(1) when he appeared before the ALJ; in fact, the administrative record conclusively establishes that he intended to both save that challenge for another day and present it in another forum. It is true that Rice, through his November 23, 2020 appeal letter, did initially express his belief to the OAG that the PSP's Section 922(g)(1)-based denial of his purchase application violated his Second Amendment rights. *See* Reproduced Record at 2a-3a. However, upon appearing at the March 15, 2022 hearing, Rice's attorney made clear to the ALJ that he had elected not to make an as-applied constitutionality argument at that point:

> PSP's Attorney: I've spoken with Rice's attorney and Rice earlier today. We have a signed stipulation as to certain facts, and I believe we were also going to stipulate to the admittance of the exhibits. There's no dispute as to the underlying facts. So I don't believe that the PSP would be offering any testimony, just the stipulated exhibits.
>
> Rice's Attorney: That's correct. As we indicated to them, we understand that the PSP's hands are tied under the circumstances, but they are following federal law as it presently exists. It was our intention today to go through the administrative process and possibly at some point later in the future, challenge the federal law. But for the time

6

being, we understand we need to exhaust our administrative remedies and get a final conclusion at this level and then possibly appeal it to the next level, at which time, we would exercise whatever options are available to us.

. . . .

ALJ: Okay. Is there going to be any legal argument or no?

PSP's Attorney: I can make a brief legal argument.

ALJ: I mean, it's entirely up to you. I just didn't know. I mean, is there anything in dispute? What's in dispute, essentially is what I'm getting at.

PSP's Attorney: Well, from PSP's point of view, the records show a 2013 conviction for a misdemeanor one, DUI charge. Misdemeanor ones in Pennsylvania are punishable by up to five years. 18 U.S.C. § 922(g)(1) states that anyone who's convicted of a sentence that carries more than one year of punishment is prohibited from possessing firearms under federal law. We would argue that Rice is currently prohibited.

Rice's Attorney: And I don't disagree with the points that PSP's attorney has made. As I indicated at the outset, we understand that the PSP is doing what it's required to do under the law. We're here today to exhaust our administrative remedies, to go through the process and then at a later date, if necessary if we decide so, we may pursue this as a collateral matter to challenge the constitutionality of Section 922(g), particularly as it applies to my client. So with that said, there's really no dispute at this level with respect to -

ALJ: Okay.

Rice's Attorney: - the respective case.

. . . .

ALJ: Now, I guess one question I have is are the parties in agreement that I either do not or cannot decide any constitutional issues? And the reason I'm asking is, I just want to make sure that there's not something that I need to do as part of this process, you know, in terms of you setting up for what you may do in the future. You follow me?

7

Rice's Attorney: Uh-huh (yes).

ALJ: Okay. Do you guys have a position on that?

PSP's Attorney: I don't think that you can touch constitutional issues. I think those have to be filed -

Rice's Attorney: Yeah.

PSP's Attorney: - within the Courts of Common Pleas or Commonwealth Court or Circuit Courts or District Courts.

ALJ: Okay.

PSP's Attorney: I think this determination today, as part of the duties in administrative law and under the Administrative Rules of Procedure, I believe that this is solely a determination as to whether or not the record is accurate and whether the PSP correctly followed that record and - or correctly applied the law to the record in making their determination.

ALJ: Okay. So the reason I asked that is I, frankly, in the couple years I've been doing this, I haven't ever been asked to rule on the constitutionality, and I know what you're saying, that it's not part of my job, but in passing and doing legal research, I feel like I came across a case that talked about a certain subset of constitutional challenges where they have to be raised in this - with the ALJ. I could be wrong and that's why I'm asking. So I just want to make sure that that's not -.

PSP's Attorney: To the extent that that needs to happen, I don't -.

ALJ: You're not aware?

PSP's Attorney: I'm not aware of it, but I'm okay if it needs to be put into the decision. I'm fine with that.

Rice's Attorney: That's fine.

ALJ: Okay. I mean, I don't - I have -.

Rice's Attorney: Well, our plan, or expectation is to challenge this in federal court at some point, but we need to get a very clear statement from the state about his circumstances. So in case some controversy would exist to actually bring the actions.

ALJ: Okay.

Rice's Attorney: Whether you want to - and if you wish to opine on the constitutionality of the provisions, by all means, do so.

ALJ: No, I – that's what needs to be clear. I don't feel the need to. I just want to make sure that we don't miss something -

Rice's Attorney: Right.

ALJ: - along the way. It sounds like I don't need to, so -.

Rice's Attorney: I don't think it's necessary at this point and I think even if we were -. When we challenge it in Commonwealth Court on the appeal, I'm not certain that that issue would necessarily be raised in Commonwealth Court.

ALJ: Okay.

Rice's Attorney: But maybe it will be, as I sit here and reflect on it and if you wish to opine, even if it's a sentence, that would be fine as well. So I'm thinking about it.

ALJ: Well, why don't we do this? I don't want to put any extra burdens on you, but if you, subsequent to today, if you feel that - if you do any research or you find that you think I should[] address the constitutionality, why don't you just send a letter to me and copy Counsel?

Rice's Attorney: Okay.

ALJ: Otherwise, - because I don't even know what the constitutional argument is at this point. You know what I mean? So -.

Rice's Attorney: Right.

ALJ: We'll assume that I don't need to, but if you feel like - if you subsequently feel that I need to do something in that regard, just let me know.

Rice's Attorney:  Okay.

ALJ: Make sense?

Rice's Attorney: Yes.

Supplemental Reproduced Record at 7b-8b, 12b-17b (cleaned up and speaker designations modified). Rice's attorney never took the ALJ up on his offer and, as a

consequence, the ALJ did not substantively address the as-applied constitutionality of Section 922(g)(1) in his adjudication. *See* Adjudication at 6-8. In sum, Rice clearly failed to present that challenge at the administrative level, and has therefore waived his ability to contest the OAG's adjudication on that basis. *Lehman*, 839 A.2d at 275.

### III. Conclusion

Accordingly, we affirm the OAG's February 10, 2023 adjudication.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Adam Matthew Rice, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 235 C.D. 2023 |
| | : | |
| Pennsylvania State Police, | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 11ᵗʰ day of March, 2024, the Office of Attorney General's February 10, 2023 adjudication is AFFIRMED.

_____
ELLEN CEISLER, Judge